IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN DOE AND JANE DOE, | ) | |
| Individually and as Next Friends of | ) | |
| JOHN DOE I, a Minor | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:11-CV-524-G |
| | ) | |
| KANAKUK MINISTRIES, | ) | JURY TRIAL |
| KANAKUK HERITAGE, INC. | ) | |
| JOE T. WHITE, and | ) | |
| PETER "PETE" D. NEWMAN | ) | |
| | ) | |
| Defendants. | ) | |

**KANAKUK MINISTRIES, KANAKUK HERITAGE, INC., AND JOE T. WHITE'S
REPLY TO PLAINTIFFS' RESPONSE AND BRIEF IN OPPOSITION TO
DEFENDANTS' AMENDED MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED
COMPLAINT OR IN THE ALTERNATIVE TO TRANSFER VENUE**

Defendants Kanakuk Ministries, Kanakuk Heritage, Inc., and Joe T. White ("Defendants"), in the above-entitled and numbered cause, present this Reply in responding to Plaintiffs' Response and Brief in Opposition to Defendants' Motion to Dismiss, or in the Alternative, to Transfer Venue (Document #12 ("Plaintiffs' Response")).

**I.   PLAINTIFFS INCORRECTLY PLACE THE BURDEN OF ESTABLISHING PROPER VENUE ON DEFENDANTS.**

This Court should dismiss this action, pursuant to FED. R. CIV. P. 12(b)(3), because the Northern District of Texas is an improper venue. In Plaintiffs' Response at paragraph 7, the plaintiffs incorrectly place the burden of establishing proper venue on the Defendants and cite as authority a case where the judge admits his holding is contrary to the established case law in the Northern District of Texas. *Roach v. Bloom*, No. 3:08-CV-439-L, 2009 WL 667218, at *2 (N.D. Tex. Mar. 16, 2009). Instead, as this Court has previously held, "[o]nce defendants raise the

issue of improper venue, the plaintiffs have the burden to prove that the chosen venue is proper." *EnviroGLAS Products, Inc. v. EnviroGLAS Products, LLC*, 705 F. Supp. 2d 560, 567 (N.D. Tex. 2010) (Fish, J., presiding). The plaintiffs have failed to meet their burden here.

### II. THE WESTERN DISTRICT OF MISSOURI IS THE ONLY PROPER VENUE FOR THIS CASE.

The plaintiffs do not dispute that the Western District of Missouri is a proper venue for this case. Indeed, the Western District of Missouri is the only proper venue for this case as it is the only venue where a substantial part of the events or omissions giving rise to plaintiffs' claims occurred. Even (and appropriately) taking as true the plaintiffs' allegations in their Amended Complaint, they have not established that venue is proper in the current forum.

Although plaintiffs have made tangential allegations regarding the Northern District of Texas, their claims are obviously based on the alleged sexual molestation of John Doe I. This alleged molestation occurred solely in the Western District of Missouri. Without that, plaintiffs would not have any claim against the defendants. *See Smith v. Fortenberry*, 903 F.Supp. 1018, 1020 (E.D. La. 1995) (stating a primary consideration of venue, particularly for a tort action, is where the accused party acted or where the injuries occurred). Thus, venue is only proper in the Western District of Missouri and this case should be dismissed or, in the alternative, transferred to the Western District of Missouri – Southern Division.

The plaintiffs again recite the five tangential actions that occurred in the Northern District of Texas which they assert constitute a **substantial part** of the events or omissions giving rise to their claims. These five actions are:

1. Promoting and misrepresenting Kanakuk Kamps at Promise Keepers' events (emphasis added);

    2.      Sending information, solicitations, cards, and emails from Missouri to plaintiffs, at their home in Texas, promoting Kanakuk Kamps;

    3.      Making phone calls and sending emails from Missouri to plaintiffs at their home in Texas;

    4.      Arranging for buses to transport John Doe I from Northpark Center in Dallas, Texas to Kanakuk Kamps in Missouri; and

    5.      Influencing parents to continue to send their children to Kanakuk Kamps by encouraging "kamp" staff to stay in contact with campers (and their families) after they return home from summer camp, by telephone calls and U.S. mail to their homes, and by email.

Of these five actions, three are irrelevant as a matter of law. Actions 2, 3, and 5 complain of correspondence and phone calls originating from Missouri. Courts have consistently held that telephonic communications and mailing, which were performed outside of the district, are not a proper basis for conferring venue. Specifically, this court has held that a plaintiff's receipt of letters and phone calls in Dallas does not constitute a "substantial part" of the events and omissions that give rise to his claim. *Ancel v. Rexford Rand Corp.*, No. 3:93-CV-2379-H, 1994 U.S. Dist. LEXIS 13977, (N.D. Tex. Sept. 19, 1994) (Sanders, J., presiding) (citing *Dody v. Brown*, 659 F. Supp. 541, 551 (W.D. Mo. 1987) (finding that mailings took place at their place of origin) and *Follett College Stores Corp. v. Fernandez,* 587 F. Supp. 1051, 1053 (N.D. Ill. 1984) (finding that use of mail and telephone into the district was insufficient to confer venue). Plaintiffs' allegations are tangential, at best, to whether the Defendants caused any harm to plaintiffs. *See Woolf v. Mary Kay, Inc.*, 176 F. Supp. 2d 642, 651 (N.D. Tex. 2001) (holding that

venue is not proper in a district where only tangential communications such as letters were received and the "locus" of the dispute did not occur in that district).

Though listed among the bad acts of Defendants, plaintiffs fail to offer an explanation of how a bus ride from Dallas, Texas to Missouri was improper or even a material fact to any element of their causes of action. There are no allegations that any improper acts occurred on the bus or that any untrue statements were made during the bus ride. Plaintiffs don't even allege that any defendants or representatives of the Defendants were on the bus. Thus, this allegation cannot support the plaintiffs venue claim.

The last contention - that Joe White made "misrepresentations" during a talk in Dallas – is likewise deficient. In his affidavit at paragraph 4, John Doe (father of John Doe I) simply asserts that he heard Joe White deliver a speech "promoting" Kanakuk Kamps. The affidavit does not identify any untrue statements made during the presentation, only that he was "influenced" by the talk to send his son to Kanakuk. Moreover, the affidavit does not suggest that Defendants harbored any fraudulent intent through Joe White's speech, a required element of fraud. Likewise, in their Amended Complaint, plaintiffs only criticism about the Texas speech was that Joe White was "advocating Christian values" and that the stated mission of Kanakuk was to "promote Christian values to minor children." Docket # 9, Amended Complaint at ¶ 3.2. This fails to make any substantive fraud allegations based on a generic promotional speech and does not meet the pleadings requirements of both Rules 8 and 9. *See Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949-50 (2009) (holding that a complaint "tender[ing] naked assertions devoid of further factual enhancement" is insufficient) *and* F.R.C.P. 9(b) (requiring "particularity" in pleading the circumstances constituting fraud or mistake). Because of the deficiency of these allegations, they should not be given the deference generally allotted to the

pleading of venue facts and, therefore, should be disregarded. *See Hansen-Moor Assoc., Inc. v. Allied B/J Trust*, No. 91-4192-C, 1992 WL 190714, at *4-5 (D. Kan. July 17, 1992) (holding that plaintiff's conclusory venue allegation fell short of a "well-pled fact" and plaintiff failed to make a prima facie showing of proper venue).

### III. VENUE MUST BE PROPER FOR EACH AND EVERY CLAIM ALLEGED AGAINST DEFENDANTS

Although the Defendants contest it, plaintiffs' claim that a substantial part of the events or omissions giving rise to their misrepresentation claim occurred in the Northern District of Texas. However, "[t]he general rule that has been recited in a significant number of cases is that venue must be proper for each claim." 14D C. WRIGHT, A. MILLER, & E. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3808, at 253 (3d ed. 2010) (citing *Newton v. Stringfellow*, No. 03-50739, 93 Fed. Appx. 615, 617 (5th Cir. Mar. 16, 2004)). Here, plaintiffs have alleged claims of negligence and negligent infliction of emotional distress in addition to their fraud claims. Even if John Doe's decision to send his son to Kanakuk Kamps were a substantial part of the events or omissions giving rise to plaintiffs' fraud claim, plaintiffs have not raised any facts that plaintiffs' negligence claims occurred in the Northern District of Texas. Any facts supporting plaintiffs' allegations that the Defendants negligently hired and continued to employ Defendant Newman would have occurred solely in the Western District of Missouri.

Further, any facts surrounding John Doe I's claim of negligent infliction emotional distress would have occurred in the Western District of Missouri where the abuse allegedly took place and "[v]enue … cannot lie simply because a plaintiff continues to experience the psychological effects of an injury" in a different venue. *McClintock v. Sch. Bd. East Feliciana Parish*, No. 08-30162, 299 Fed. Appx. 363, 365 (5th Cir. Nov. 12, 2008). Thus, plaintiffs' claims against the Defendants must be dismissed or, in the alternative, venue must transferred

because plaintiffs have failed to allege facts to show venue is proper for each and every claim in the Northern District of Texas.

### IV. PLAINTIFFS ALLEGATIONS THAT DEFENDANTS ARE FORUM SHOPPING ARE UNFOUNDED AND NOT TRUE.

Plaintiffs make the unfounded and unsupported allegation that Defendants' motion to transfer is an attempt to forum shop.  Although Defendants do not feel a need to defend themselves, they also cannot let such allegations lie without any response.  Plaintiffs cite no case in which a court has held (or even suggested) that  a defendant seeking to transfer venue to the place where the defendant resides and where virtually all of the alleged actions giving rise to plaintiffs' claims is "forum shopping."  Moreover, the plaintiffs' evidence of "forum shopping" is a case where the plaintiff **from Arkansas** filed his suit in Missouri, where the defendants reside and the claims arose.  Asking the state judge in Missouri to move a case from one county to an adjacent county for the convenience of the parties hardly equates to "forum shopping."

To the contrary, it is the plaintiffs' actions that are more akin to "forum shopping."  The plaintiffs in the case reside in Lubbock, not Dallas.  The only relationship that the Dallas division of the Northern District of Texas has to this case is that plaintiffs counsel's law office is located in Dallas, Texas.  Plaintiffs' accusation of forum shopping is nothing more than an attempt to divert attention from the inadequacies of their venue argument.

### V. CONVENIENCE OF THE FORUM

Plaintiffs are correct in saying that Defendants have not yet raised *forum non conveniens*. A motion under 28 U.S.C. § 1404(a) requires a very different analysis and employs a different burden of proof than the Defendants' motion to dismiss for improper venue.  If necessary, and after developing the proper factual bases, Defendants will file such a motion if it is justified.  However, Defendants have also moved, as an alternative to dismissal, that the case be transferred

to the Western District of Missouri – Southern Division, which this court may do "in the interest of justice." Defendants suggest that justice will be served by transferring this case to the forum where virtually all of the persons with knowledge of relevant facts and the material documents are located.

### VI. CONCLUSION

The substantial part of the events giving rise to plaintiffs' sexual abuse claims occurred at Kanakuk Kamps in the Western District of Missouri. The Northern District of Texas is an improper venue under any prong of 28 U.S.C. § 1391(a). For these reasons, this case should be dismissed. Alternatively, in the interest of justice, the case should be transferred to the Western District of Missouri – Southern Division pursuant to 28 U.S.C. § 1406(a).

THEREFORE, Defendants respectfully request that this case be dismissed or, in the alternative, that this case be transferred to Western District of Missouri – Southern Division.

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

 /s/ P. Randall Crump
P. Randall Crump
State Bar No. 05186020
JPMorgan Chase Tower
600 Travis Street, Suite 1600
Houston, Texas 77002
Telephone: (713) 227-8008
Facsimile: (713) 227-9508
Email: prcrump@shb.com

**ATTORNEY FOR DEFENDANTS KANAKUK MINISTRIES, KANAKUK HERITAGE, INC. AND JOE T. WHITE**

## **CERTIFICATE OF SERVICE**

      I herby certify that on the 23rd day of May, 2011, I electronically filed the above and foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Linda Turley
Turley Law Firm
6440 N. Central Expressway
1000 Turley Law Center
Dallas, Texas 75206

ATTORNEY FOR PLAINTIFFS

                                                    */s/ P. Randall Crump*