UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN DOE and JANE DOE, Individually and as Next Friends of JOHN DOE I, a Minor, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:11-cv-00524-G |
| KANAKUK MINISTRIES (a/k/a and/or d/b/a, KANAKUK KAMP, KANAKUK KAMPS, KANAKUK, KANAKUK-KANAKOMO KAMPS, CHRISTIAN CHILDREN'S CHARITY, KANAKUK ALUMNI FOUNDATION), KANAKUK HERITAGE, INC. (a/k/a and/or d/b/a KANAKUK MISSOURI, INC., KANAKUK KAMPS, INC., KANAKUK KAMPS, K-KAMPS, INC., KANAKUK-KANAKOMO KAMP, KANAKUK-KANAKOMO KAMPS, KANAKUK-KANAKOMO KAMPS, INC.), JOE T. WHITE, and PETER "PETE" D. NEWMAN, | § § § § § § § § § § § § § § § § § | HONORABLE U.S. DISTRICT JUDGE A. JOE FISH |
| Defendants. | § | |

**PLAINTIFFS' MOTION FOR INJUNCTION
AND/OR RESTRAINING ORDER, AND BRIEF IN SUPPORT**

COME NOW, Plaintiffs, in the above-referenced civil action, and move

pursuant to FED. R. CIV. P. 65 for an injunction and/or restraining order, and would

respectfully show the Court as follows:

1.    Plaintiffs filed this lawsuit on March 11, 2011.  Defendants Kanakuk Ministries, Kanakuk Heritage, Inc., and Joe T. White appeared in this case on April 7, 2011.

2.    Since appearing in this case, Defendants have maintained regular communications with the Plaintiffs, directly, by way of mail, telephone, and email, despite repeated requests (from both Plaintiffs and Plaintiffs' counsel) that they not do so.  The latest direct communication occurred just days ago on July 8, 2011.

3.    Plaintiffs seek an injunction and/or restraining order to prevent these Defendants from continuing to communicate directly with Plaintiffs.

4.    Shortly after the Defendants were served, Plaintiffs' counsel contacted defense counsel and requested that Defendant Joe T. White stop contacting the Plaintiffs.  Defense counsel agreed that his client would no longer contact the Plaintiffs. Again, on June 25, 2011, Defendants' counsel agreed that nor further contact would occur.  However, on July 8, 2011, a package from Defendant White and his wife, arrived at the Doe home.  Having failed to resolve this matter through counsel, Plaintiffs seek the authority of the Court to protect them and their minor son, John Doe I.

5.    Affidavits (Exhibits A, B and C filed under seal) proving the allegations

PLAINTIFFS' MOTION FOR INJUNCTION AND/OR RESTRAINING ORDER, AND BRIEF IN SUPPORT - Page 2 of 5

and need for injunctive relief are attached to this Motion and are incorporated by reference.

6.      Plaintiff John Doe I, a minor, will suffer immediate and irreparable injury or harm if these Defendants are not immediately restrained from communicating directly with the Plaintiffs.  Defendant Pete Newman sexually abused John Doe I, a minor, while John Doe I attended Defendants' Christian camp.  The actions of Joe T. White in response to the sexual abuse of this child have left him betrayed, angry, depressed, unable to sleep, and on a variety of medications.  Packages from the Defendants, emails, letters, and phone calls unnecessarily exacerbate John Doe I's emotional and psychological problems that stem from his sexual abuse.  And, quite frankly, any such contact serves no purpose with regard to this lawsuit.  All it does is worsen John Doe I's emotional and psychological issues and complicate his therapy and family life.

7.      These continued communications are mentally and emotionally harmful to all Plaintiffs, and particularly to John Doe I, a minor, and they need to stop.

8.      Plaintiffs will continue to suffer irreparable harm if Defendants are not enjoined during the pendency of this lawsuit from continuing to communicate directly with Plaintiffs.[1]  The harm to Plaintiffs outweighs the harm, if any, that would be

---

[1]*See Samson v. Murray*, 415 U.S. 61, 88-90 (1974).

PLAINTIFFS' MOTION FOR INJUNCTION AND/OR RESTRAINING ORDER, AND BRIEF IN SUPPORT - Page 3 of 5

Doe - Motion for Injunction - fj07111124.wpd

sustained by Defendants if an injunction were granted.[2]

9.      There is no public interest in these Defendants' continued contacts with the Doe family.  Accordingly, the public interest will not be harmed by prohibiting the Defendants' future contact with the Plaintiffs.

10.      Plaintiffs believe a bond is unnecessary in this particular circumstance, and are requesting that the Court waive the bond requirement if the Court were to decide that a bond was otherwise necessary.[3]

11.      Plaintiffs request that the Court set this Motion for hearing at the earliest possible time and, after hearing the request, issue an injunction against Defendants.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that this Court immediately set this matter for hearing, and issue an injunction and/or restraining order, preventing Defendants from communicating directly with Plaintiffs, as opposed to Plaintiffs' lawyers, and for such other and further relief, general and special, legal and equitable, to which Plaintiffs are justly entitled.

---

[2]*See Yakus v. U.S.*, 321 U.S. 414, 440 (1944).

[3]*See Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996).

PLAINTIFFS' MOTION FOR INJUNCTION AND/OR RESTRAINING ORDER, AND BRIEF IN SUPPORT - Page 4 of 5

Doe - Motion for Injunction - fj07111124.wpd

Respectfully submitted,

TURLEY LAW FIRM


   /s/ Linda Turley
Linda Turley
State Bar No. 20303800
Steven S. Schulte
State Bar No. 24051306
6440 North Central Expressway
1000 Turley Law Center
Dallas, Texas 75206
Telephone No. 214-691-4025
Telecopier No. 214-361-5802
lindat@wturley.com, davettes@wturley.com
stevens@wturley.com

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF CONFERENCE**

Linda Turley conferred by phone with Randall Crump, defense counsel, regarding this motion and we could not agree.

   /s/ Linda Turley
Linda Turley

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this instrument has been served upon all counsel by CM/ECF and PACER when filed on this 13th day of July, 2011.

   /s/ Linda Turley
Linda Turley

PLAINTIFFS' MOTION FOR INJUNCTION AND/OR RESTRAINING ORDER, AND BRIEF IN SUPPORT - Page 5 of 5

Doe - Motion for Injunction - fj07111124.wpd