UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN and JANE DOE, Individually and as Next Friends of John Doe I, a Minor, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. |
| VS. | ) ) | 3:11-CV-0524-G |
| KANAKUK MINISTRIES (a/k/a and/or d/b/a KANAKUK KAMP, KANAKUK KAMPS, KANAKUK, KANAKUK-KANAKOMO KAMPS, CHRISTIAN CHILDREN'S CHARITY, KANAKUK ALUMNI FOUNDATION), ET AL., | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court are the defendants' motion to dismiss, or in the alternative, to transfer venue (docket entry 10), and the plaintiffs' motion to stay transfer to allow venue discovery (docket entry 11).  For the reasons set forth below, the defendants' motion is denied, and the plaintiffs' motion is dismissed as moot.

I.  BACKGROUND

A.  Factual Background

1.  *Underlying Case*

This case concerns alleged sexual abuse at a Christian residential camp in Missouri.  The plaintiffs are the parents ("John Doe" and "Jane Doe") of the child ("John Doe I") who was allegedly abused.  Plaintiffs' First Amended Complaint ("Complaint") ¶¶1.1-2 (docket entry 9).  The defendants are (1) Kanakuk Ministries and Kanakuk Heritage, Inc. ("Kanakuk"), (2) Joe T. White, the founder, owner, and operator of the camp ("White"), and (3) Peter D. Newman ("Newman"), the camp director who is alleged to have abused John Doe I.  *Id*. ¶ 1.3-6.

Kanakuk operates a collection of residential camps for children in Branson, Missouri.  Complaint ¶ 1.3-4, 4.4.  The camps offer a "Christian faith-based outdoor experience for children."  *Id.* ¶ 4.4.  "As a director of Kanakuk Kamps, . . . Newman's duties included encouraging and instructing 'kampers' in Bible study and encouraging the children in his custody and control to develop a deeper Christian faith and relationship with God."  *Id*. (emphasis in original omitted).

During the summers of 2005, 2006, and 2007, John Doe I attended the Kanakuk camps.  Complaint ¶ 4.1.  He was between 10 and 12 years old at that time.  *Id*.  The plaintiffs allege the following in their complaint:

> "As a director of Kanakuk Kamps, while on Kanakuk
> Kamps property, Defendant Newman sexually molested

John Doe I, often in the guise of religious teaching or Bible study.  Defendant Newman's sexual molestation of John Doe I included Defendant Newman appearing nude with an erection in a hot tub for Bible studies with John Doe I, as Defendant Newman masturbated himself, Defendant Newman masturbated John Doe I, and Defendant Newman had John Doe I masturbate him.  Defendant Newman's sexual abuse of John Doe I also included his pressuring John Doe I to play games like truth-or-dare, while naked, that involved the mutual touching of the genital and pubic areas."

"Defendant Newman's sexual abuse of John Doe I also included John Doe I spending the night alone with Defendant Newman in Newman's living quarters on the Kanakuk Kamp property.  While only Defendant Newman and John Doe I were present in Defendant Newman's living quarters, Defendant Newman sexually abused John Doe I in order to satisfy Defendant Newman's sexual desires."

*Id.* at ¶ 4.5-6 (emphasis in original omitted).

2.  *Factual Connection to the Northern District of Texas*

The plaintiffs have provided four principal allegations that connect this case to the Northern District of Texas.

First, White appeared and lectured at a "Promise Keepers" event at Texas Stadium in Irving, Texas.  Complaint ¶ 3.2.  At this event, he promoted the Kanakuk camps, and encouraged parents to send their children to one of the camps.  *Id*.  John Doe attended this event, and "based upon Defendant White's oral presentation and the printed promotional materials Defendant White distributed about Kanakuk

- 3 -

Kamps," John Doe decided that John Doe I would attend the camps when he was old enough to do so. *Id*.

Second, Kanakuk solicited Texas residents to send their children to Missouri to attend the camps. *Id*. ¶ 3.3. These solicitations included in-person appeals and information sessions, letters through the mail, and communications on the internet. *Id*. In particular, the Doe family received communications from Kanakuk through the mail and the internet. *Id*.

Third, the defendants arranged transportation for Texas children bound for the Kanakuk Kamps, through buses that departed from the Northpark Center parking lot in Dallas, Texas. *Id*. ¶ 3.4. In particular, John Doe I would take these buses from Texas to the camps. *Id*.

Fourth, Newman kept in close contact with John Doe I by calling him at his home in Texas, e-mailing him, and sending him cards and letters through the mail. *Id*. ¶ 3.5. The plaintiffs allege that these communications were "sponsored and sanctioned" by the Kanakuk Kamps. *Id*. The plaintiffs allege that Newman used these communications to develop a special, trusting relationship with John Doe I, which "groom[ed]" or prepared him for sexual molestation. *Id*. Newman also spoke to John Doe I's father, John Doe, on the telephone, in which he "offered to discuss masturbation" with John Doe I. *Id*. ¶ 3.7.

B.  Legal Background

The plaintiffs' claims against the defendants are for (1) fraud, misrepresentation, and unfair and deceptive practices, (2) negligence, and (3) negligent infliction of emotional distress.  Complaint ¶ 5.1-17.

The defendants' have moved to dismiss this action under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(3) for improper venue, and in the alternative, to transfer the action under 28 U.S.C. § 1406(a) to the United States District Court for the Western District of Missouri -- Southern Division.  Kanakuk Ministries, Kanakuk Heritage, Inc., and Joe T. White's Memoradum of Law in Support of Their Amended Motion to Dismiss or in the Alternative to Transfer Venue in Opposition to Plaintiffs' First Amended Complaint ("Defendants' Memo") (docket entry 10-1).  The plaintiffs oppose the defendants' motion, and have moved to stay transfer to allow venue discovery.  Plaintiffs' Motion to Stay Transfer to Allow Venue Discovery, and Brief in Support ("Plaintiffs' Motion") (docket entry 11); Plaintiffs' Response to Defendants Kanakuk Ministries, Kanakuk Heritage, Inc., and Joe T. White's Amended Motion to Dismiss, or, in the Alternative, Motion to Transfer Venue in Opposition to Plaintiffs' First Amended Complaint ("Plaintiffs' Response") (docket entry 17).

## II.   ANALYSIS

### A.   Legal Standard

Under 28 U.S.C. § 1391(a), a civil action brought under diversity of citizenship jurisdiction may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."   "Substantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute."   *Thompson v. Watson*, No. 3:98-CV-0289-P, 1998 WL 249214, at *1 (N.D. Tex. May 8, 1998) (Solis, J.) (quotations omitted).   Venue may be proper in more than one district.   *Id*.   However, this court "need not decide which district is the 'best' venue or whether one forum has greater contacts than another."   *Godwin Gruber, P.C. v. Lambert*, No. 3:03-CV-1095-BD, 2004 WL 813229, at *5 (N.D. Tex. Apr. 13, 2004) (Kaplan, Mag. J.) (citing *First of Michigan Corporation v. Bramlet*, 141 F.3d 260, 263 (6th Cir. 1998)). "Rather, venue is proper in each district that is the situs of a substantial part of the events or omissions giving rise to the claim."   *Id*. (internal quotations omitted).

If a plaintiff has brought a civil action in an improper venue, a defendant can move to dismiss the case under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(3). Likewise, under 28 U.S.C. § 1406(a), a district court can transfer such a case to any district in which it could have been brought, "if it be in the interest of justice."   "Once defendants raise the issue of improper venue, the plaintiffs have the burden to prove

- 6 -

that the chosen venue is proper." *EnviroGLAS Products, Inc. v. EnviroGLAS Products, LLC*, 705 F.Supp.2d 560, 567 (N.D. Tex. 2010) (Fish, J.); Contra *Roach v. Bloom*, No. 3:08-CV-0439-L, 2009 WL 667218, at *2 (N.D. Tex. Mar. 16, 2009) (Lindsay, J.).

## B. Application

In this case, the plaintiffs have demonstrated that the Northern District of Texas is a proper venue for this case.  This is because "John Doe I likely would never have been sexually abused or injured but for all of Defendants' actions (year after year) here within the Northern District of Texas."  *See* Plaintiffs' Response at 3.

According to the complaint, White and Kanakuk deliberately came into this district, persuaded residents of this district to send their children out of the district, and facilitated the transportation of those children out of this district.  White spoke at the "Promise Keepers" event in Irving, Texas to influence parents to sent their children to the Missouri Camps.  Complaint ¶ 3.2.  Kanakuk convinced the defendants to send their son to a camp outside of this district by communicating with them at their home in this district through telephone calls, mail, and e-mail.  *Id*. ¶ 3.3.  Once the plaintiffs agreed to sent their son to the camp, the defendants organized a bus in Dallas that would take him out of this district and into Missouri. *Id*. ¶ 3.4.

Newman's phone, mail and e-mail communications with John Doe I at home in Texas allowed Newman to "groom" John Doe I for sexual abuse.  *Id*. ¶ 3.5.  These

communications, which were allegedly "sponsored and sanctioned" by Kanakuk, permitted Newman to develop a "deeper and more trusting relationship" with John Doe I.  *Id.*  And after receiving permission from John Doe, Newman discussed masturbation with John Doe I over the phone, while John Doe I was at his home in Texas.  *Id.* ¶ 3.6.

The defendants argue that this court should disregard the telephone, mail, and e-mail communications that they made to the plaintiffs.  In support of this proposition, defendants cite *Woolf v. Mary Kay Inc.*, 176 F.Supp.2d 642, 651 (N.D. Tex. 2001) (Fish, J.) for the proposition that "venue is not proper in a district where only tangential communications such as letters were received and the 'locus' of the dispute did not occur in that district."  *See* Kanakuk Ministries, Kanakuk Heritage, Inc., and Joe T. White's Reply to Plaintiffs' Response and Brief in Opposition to Defendants' Amended Motion to Dismiss Plaintiffs' First Amended Complaint or in the Alternative to Transfer Venue ("Defendants' Reply") at 3-4 (docket entry 16).  It is true that tangential communications into a district will not, on their own, create proper venue in that district.  However, as explained above, the communications in this case are not tangential to the case, and the communications were not the defendants' only contact with the Northern District of Texas.  Furthermore, this court's decision in *Woolf* does not stand for the proposition that phone calls, letters, and e-mails into a district are irrelevant in determining whether a given venue is

improper.  In making a determination as to whether venue is proper, this court will look to all relevant and appropriate facts in determining whether "a substantial part of the events or omissions giving rise to the claim occurred" in the district.  28 U.S.C. § 1391(a).

The defendants also argue that the events and omissions that occurred in this district are irrelevant to some of plaintiffs' claims, and thus the Northern District of Texas is an improper venue.  Defendants' Reply at 5.  As the defendants explain, "[e]ven if John Doe's decision to send his son to Kanakuk Kamps were a substantial part of the events or omissions giving rise to plaintiffs' fraud claims, plaintiffs have not raised any facts that the plaintiffs' negligence claims occurred in the Northern District of Texas."  *Id*.; *see also* 14D CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3808 (3rd ed. 2011) ("[T]he general rule that has been recited in a significant number of cases is that venue must be proper for each claim.").

However, the plaintiffs' negligence claims are inextricably connected with the defendants' actions and omissions in the Northern District of Texas.  At the very least, the defendants' actions in this district are both an actual and proximate cause of the plaintiffs' alleged injury.  Furthermore, the plaintiffs' complaint alleges as a basis for its negligence claim that "Defendants Joe T. White, Kanakuk Ministries, and/or Kanakuk Heritage, Inc. failed to warn John and Jane Doe, and John Doe I, of Defendant Newman's inappropriate behavior with minors, including his being naked

in their presence." Complaint ¶ 5.12. To the extent that the defendants'

communications to the plaintiffs in Texas failed to disclose Newman's inappropriate

behavior, the plaintiffs' negligence claims are related to this district.

### III.  CONCLUSION

For the reasons stated above, the defendants' motion to dismiss, or in the

alternative, to transfer, is **DENIED**, and the plaintiffs' motion to stay transfer to

allow venue discovery is **DISMISSED** as moot.

**SO ORDERED**.

October 28, 2011.

A. JOE FISH
**Senior United States District Judge**