UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN DOE and JANE DOE, Individually and as Next Friends of JOHN DOE I, a Minor, | ) ) ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiffs, | ) | |
| | ) | 3:11-CV-0524-G |
| VS. | ) | |
| | ) | |
| KANAKUK MINISTRIES (a/k/a and/or d/b/a KANAKUK KAMP, KANAKUK KAMPS, KANAKUK, KANAKUK-KANAKOMO KAMPS, CHRISTIAN CHILDREN'S CHARITY, KANAKUK ALUMNI FOUNDATION), ET AL., | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the defendants' motion to dismiss for *forum non conveniens*, or in the alternative, to transfer venue under 28 U.S.C. § 1404(a) (docket entry 40). For the reasons set forth below, the defendants' motion is denied.

## I. BACKGROUND

This case concerns alleged sexual abuse at a Christian residential camp in Missouri. The plaintiffs are the parents ("John Doe" and "Jane Doe") of the child

("John Doe I") who was allegedly abused.  Plaintiffs' First Amended Complaint ("Complaint") ¶¶1.1-2 (docket entry 9).  The defendants are (1) Kanakuk Ministries and Kanakuk Heritage, Inc. ("Kanakuk"); (2) Joe T. White, the founder, owner, and operator of the camp ("White"); and (3) Peter D. Newman ("Newman"), the camp director who is alleged to have abused John Doe I.  *Id*. ¶¶ 1.3-6.  The court has already laid out the factual background in this case in an earlier opinion.  *See* Memorandum Opinion and Order of October 28, 2011 ("Order") at 2-3 (docket entry 32).

On March 11, 2011, the plaintiffs filed their original complaint in this case. On May 6, 2011, the defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(3) for improper venue, or in the alternative, a motion to transfer venue under 28 U.S.C. § 1406(a) to the United States District Court for the Western District of Missouri -- Springfield Division.[*]  On October 28, 2011, the court denied this motion to dismiss or transfer.  Order at 10.

On December 2, 2011, the defendants filed the instant motion to dismiss under the common law doctrine of *forum non conveniens,* or in the alternative, to transfer venue under 28 U.S.C. § 1404(a) to the United States District Court for the Western District of Missouri -- Springfield Division.  Kanakuk Ministries, Kanakuk Heritage, Inc., and Joe T. White's Motion to Dismiss for *Forum Non Conveniens* or, in

---

[*]      The Springfield Division also appears to be known as the Southern Division.  *See* http://www.mow.uscourts.gov/jurisdiction.html.

the Alternative, Transfer Pursuant to 28 U.S.C. § 1404(A) ("Motion") at 1 (docket

entry 40).

## II. ANALYSIS

### A. Motion to Dismiss Under *Forum Non Conveniens*

A federal court may dismiss a case under *forum non conveniens* "when an

alternative forum has jurisdiction to hear the case, and . . . trial in the chosen forum

would establish . . . oppressiveness and vexation to a defendant . . . out of all

proportion to plaintiff's convenience, or . . . the chosen forum is inappropriate

because of considerations affecting the court's own administrative and legal

problems." *Sinochem International Company Limited v. Malaysia International Shipping

Corporation*, 549 U.S. 422, 429 (2007) (internal quotations and brackets omitted).

However, "[t]he common-law doctrine of *forum non conveniens* has continuing

application in federal courts only in cases where the alternative forum is abroad, . . .

and perhaps in rare instances where a state or territorial court serves litigational

convenience best." *Id*. at 430 (internal quotations and brackets omitted).  Instead,

transfer under 28 U.S.C. § 1404(a) is the more appropriate remedy "when a sister

federal court is the more convenient place for trial of the action." *Id*.

In this case, because the defendants wish the case to be heard in another

federal court, *forum non conveniens* is not an appropriate remedy.  Therefore, the

defendants' motion to dismiss under *forum non conveniens* is denied.

B.  Motion to Transfer under 28 U.S.C. § 1404(a)

1. *Legal Standard*

A district court may transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The purpose of section 1404(a) "is to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotations omitted).  The decision to transfer a pending case is committed to the sound discretion of the district court.  *Jarvis Christian College v. Exxon Corporation*, 845 F.2d 523, 528 (5th Cir. 1988).

"It is well settled that the party moving for a change of venue bears the burden of demonstrating why the forum should be changed."  *Dupre v. Spanier Marine Corporation*, 810 F.Supp. 823, 825 (S.D. Tex. 1993) (citing *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966)).  Placing the burden on the moving party to show "good cause" for the transfer "reflects the appropriate deference to which the plaintiff's choice of venue is entitled."  *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc), *cert. denied*, 555 U.S. 1172 (2009).  Unless the transferee district is "clearly more convenient," the plaintiff's choice of venue should be respected.  *Id.* at 315.

"The preliminary question under § 1404(a) is whether a civil action might have been brought in the destination venue." *Id.* at 312 (internal quotations omitted). This requires a finding that the transferee court has jurisdiction over the defendant and venue in the transferee district would be proper. *Frost v. ReliOn, Inc.,* No. 3:06-CV-0822-G, 2007 WL 670550, at *2 (N.D. Tex. Mar. 2, 2007) (Fish, C.J.).  Once this is established, the court must weigh eight private and public interest factors to determine "whether a § 1404(a) venue transfer is for the convenience of parties and witnesses and in the interest of justice." *Volkswagen*, 545 F.3d at 315.  The four private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id*.  The four public interest factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id*.  These two lists of factors are neither exhaustive nor exclusive, and no single factor should be given dispositive weight.  *Id.*

C. Application

The threshold question in a Section 1404(a) analysis is whether the civil action might have been brought in the transferee court. In this case, neither the plaintiffs nor the defendants dispute the fact that this case could have been brought in the Western District of Missouri. The next question, then, is whether transferring the case would be for the convenience of parties and witnesses, and in the interest of justice. To make this determination, the court must consider the private and public interest factors set forth in *Volkswagen*.

1. *Private Interest Factors*

The first private interest factor the court must consider is "the relative ease of access to sources of proof." See *Volkswagen*, 545 F.3d at 315. The vast majority of sources of proof in this case will be documentary evidence and witness testimony. Brief in Support of Kanakuk Ministries, Kanakuk Heritage, Inc., and Joe T. White's Motion to Dismiss for *Forum Non Conveniens* or, in the Alternative, Transfer Pursuant to 28 U.S.C. § 1404(A) ("Brief") at 4 (docket entry 41). With respect to documentary evidence, the distinction between the Northern District of Texas and the Western District of Missouri is largely negligible. The transmission of documents by electronic means is now instantaneous, inexpensive, and ubiquitous. The court does not believe it will be significantly more burdensome for the defendants to send

- 6 -

their documents from Branson to Dallas rather than Branson to Springfield.  This

factor does not weigh in favor of either transferring or not transferring the case.

The second private interest factor is "the availability of compulsory process to

secure the attendance of witnesses."  See *Volkswagen*, 545 F.3d at 315.  Under Federal

Rule of Civil Procedure 45, a subpoena may be served anywhere "within the district

of the issuing court" or "within 100 miles of the place specified for the deposition,

hearing, trial, production, or inspection."  FED. R. CIV. P. 45(b)(2)(A)-(B).  The

defendants state that the majority of non-party witnesses are located in Missouri.

Brief at 5.  However, the plaintiffs note that the defendants have not "specified the

identity of these material witnesses, or their location, or why they are even material,

or whether and why these material witnesses would be unwilling or unable to come to

the Northern District of Texas to testify."  Plaintiffs' Response and Brief in

Opposition to Defendants' Motion to Dismiss for *Forum Non Conveniens*, or, in the

Alternative, Transfer Pursuant to 28 U.S.C. § 1404(A) ("Response") at 7 (docket

entry 45).  In *Volkswagen*, the Fifth Circuit was persuaded to grant the motion to

transfer because the defendant had provided an extensive list of potential witnesses

that were outside the district court's subpoena power.  545 F.3d at 316.  This factor

does not weigh in favor of either transferring or not transferring the case.

The third private interest factor is "the cost of attendance for willing

witnesses."  See *Volkswagen*, 545 F.3d at 315.  If the case is held in Dallas, many of

- 7 -

the witnesses will have to travel some distance to provide their testimony.  White, Newman, and all of Kanakuk's employees reside in Missouri.  Brief at 4.  While the plaintiffs do live in the Northern District of Texas, they do not live in the Dallas Division.  *Id*. at 2.  The plaintiffs also state that John Doe I's medical providers and counselors reside in the Northern District of Texas, though it is unclear exactly where in the district they all reside.  Response at 7.  This factor weighs in favor of transferring the case.

The fourth private interest factor requires the court to consider "all other practical problems that make trial of a case easy, expeditious and inexpensive."  See *Volkswagen*, 545 F.3d at 315.  The plaintiffs' lead counsel are in Dallas, while the defendants' lead counsel are in Houston.  Response at 8.  This factor weighs weakly in favor of not transferring the case.

## 2. *Public Interest Factors*

The first public interest factor is "the administrative difficulties flowing from court congestion."  *Volkswagen*, 545 F.3d at 315.  The plaintiffs cite recent federal court management statistics which suggest that the Western District of Missouri is more congested than the Northern District of Texas.  Response at 11-12.  However, this argument ignores the differences in geographic size between the Western District of Missouri and the Northern District of Texas, as well as the differences between

Dallas, Texas and Springfield, Missouri.  This factor does not weigh in favor of either transferring or not transferring the case.

The second public interest factor is "the local interest in having localized interests decided at home." *Volkswagen*, 545 F.3d at 315.  The Springfield Division of the Western District of Missouri has a strong interest in this case, because the Kanakuk camps and their employees are located there.  While the Northern District of Texas has an interest in the well-being of its children, because the plaintiffs live in the Amarillo division, the Dallas Division has a more indirect interest in this case.  However, the defendants' actions in the Dallas Division -- including organizing the "Promise Keepers" event at Texas Stadium, and organizing buses from Dallas to the camps -- partially caused John Doe to send John Doe I to the Kanakuk camps.  *See* Order at 3-4.  This factor weighs weakly in favor of transferring the case.

The third public interest factor is "the familiarity of the forum with the law that will govern the case." *Volkswagen*, 545 F.3d at 315.  It is true that this court is generally more familiar with Texas state law than with Missouri state law.  However, the court believes that it could apply Missouri law or Texas law without any material difference in effort or expense.  This factor does not weigh in favor of either transferring or not transferring the case.

The fourth public interest factor is "the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id*.  Because foreign law (*i.e.*,

law from outside the United States) is not an issue in this case, this factor is irrelevant to this motion.

### 3. *Balancing the Factors*

In this case, the court concludes that the defendants have not met their burden of demonstrating that Western District of Missouri -- Springfield Division is "clearly more convenient than the venue chosen by the plaintiff."  See *Volkswagen*, 545 F.3d 304.  While some of the factors suggest that the case should be transferred, most suggest that it either should not be transferred, or that transfer would not yield any substantial private or public benefit.  Because the plaintiffs' choice of forum is entitled to "appropriate deference," *id*. at 315, the defendants' motion to transfer under Section 1404(a) is denied.

### III.  CONCLUSION

For the reasons stated above, the defendants' motion to dismiss, or in the alternative, to transfer, is **DENIED**.

**SO ORDERED**.

March 5, 2012.

A. JOE FISH
**Senior United States District Judge**