UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN DOE and JANE DOE, Individually and as Next Friends of JOHN DOE I, a Minor, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:11-cv-00524-G |
| KANAKUK MINISTRIES (a/k/a and/or d/b/a, KANAKUK KAMP, KANAKUK KAMPS, KANAKUK, KANAKUK-KANAKOMO KAMPS, CHRISTIAN CHILDREN'S CHARITY, KANAKUK ALUMNI FOUNDATION), KANAKUK HERITAGE, INC. (a/k/a and/or d/b/a KANAKUK MISSOURI, INC., KANAKUK KAMPS, INC., KANAKUK KAMPS, K-KAMPS, INC., KANAKUK-KANAKOMO KAMP, KANAKUK-KANAKOMO KAMPS, KANAKUK-KANAKOMO KAMPS, INC.), JOE T. WHITE, and PETER "PETE" D. NEWMAN, | § § § § § § § § § § § § § § § § § | HONORABLE U.S. DISTRICT JUDGE A. JOE FISH |
| Defendants. | § | |

**PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF PERSONS
HAVING KNOWLEDGE OF RELEVANT FACTS OR
DISCOVERABLE INFORMATION, AND DISCOVERABLE ITEMS**

TO THE HONORABLE COURT:

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF PERSONS HAVING
KNOWLEDGE OF RELEVANT FACTS OR DISCOVERABLE INFORMATION, AND
DISCOVERABLE ITEMS - Page 1 of 7

Doe - Mtn to Compel Prod of Persons - fj07301203.wpd

COME NOW, Plaintiffs, complaining of Defendants Kanakuk and Joe White, and move for an Order directing these Defendants to produce the names of persons having knowledge of relevant facts or discoverable information, and discoverable items, and would respectfully show the Court as follows:

**I.**

**BACKGROUND**

1.1    Peter Newman was a counselor, assistant director, and director at Kanakuk Kamps from approximately 1999 through 2009.  During this time period, and while employed by Defendants Kanakuk and Joe White, Peter Newman sexually abused countless minor boys on and off camp grounds.  Peter Newman sexually abused Plaintiff John Doe I, a minor, in approximately 2007.

1.2    Long before Peter Newman sexually abused John Doe I, Defendants Kanakuk and Joe White knew that Peter Newman was acting sexually inappropriate with minors, including riding four-wheelers, naked, with minor boys in approximately 1999, and exposing his naked body and genitals to minor boys, both by streaking and skinny-dipping at the camp, in approximately 2003.  Nothing was done by these Defendants – as they regarded his behavior as innocent "guy play" – and Peter Newman remained at Kanakuk, as its employee, where he eventually met and sexually abused John Doe I and countless other minor boys.

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF PERSONS HAVING KNOWLEDGE OF RELEVANT FACTS OR DISCOVERABLE INFORMATION, AND DISCOVERABLE ITEMS - Page 2 of 7

Doe - Mtn to Compel Prod of Persons - fj07301203.wpd

## II.

## <u>ARGUMENTS</u>

2.1    Discovery has been ongoing now for approximately eight months.  The parties exchanged their initial disclosures in early January 2012, and served other written discovery on one another in the recent months.[1]  Plaintiffs served *Plaintiffs' First Request for Production of Documents* to Defendants on May 18, 2012, with Defendants' answers and/or responses due on approximately June 20, 2012.

2.2    In conferencing on this Motion, there are essentially three topics or categories that the Defendants are unwilling to produce information or items on in this case:  (1) information or items reflecting the identity of victims or potential victims, and Plaintiffs; (2) the personnel or employment file of Peter Newman; (3) and any subsequent investigation into the allegations of abuse involving Peter Newman, which took place in 2010 or 2011.[2]  However, all of these things are relevant to this lawsuit.

---

[1] Attached, as ***Exhibit A***, is a true and correct copy of Defendants' Initial Disclosures. Attached, as ***Exhibit B***, is a true and correct copy of Plaintiffs' First Request for Production of Documents. (Defendants have not served written responses to this Request and seemingly will not do so until the issues in this Motion are resolved.)

[2] As to **category / topic 1**, Defendants maintain that they will not produce the names of victims or potential victims without a Court Order, period.  As to **categories / topics 2 and 3**, Defendants maintain that they will only produce these items with a protective or confidentiality order in place.  Plaintiffs agree with the need for a protective or confidentiality order as to **category / topic 1**, only, to prevent the public disclosure of victims or potential victims. Plaintiffs do not agree to a broad and all-encompassing protective or confidentiality order as to any other category or topic in this case, as there is no justification or need for one.  Plaintiffs cannot agree to help Defendants conceal past, present, and/or future public hazards.

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF PERSONS HAVING KNOWLEDGE OF RELEVANT FACTS OR DISCOVERABLE INFORMATION, AND DISCOVERABLE ITEMS - Page 3 of 7

Doe - Mtn to Compel Prod of Persons - fj07301203.wpd

2.3    As to the first category / topic, Defendants refuse to produce the names of persons abused by Peter Newman, or potentially abused by him, while he was employed and working at Kanakuk Kamp from approximately 1999 through 2009, *even with a protective or confidentiality order in place*.

2.4    Defendants, however, must identify these persons in this lawsuit because they likely have relevant information or knowledge.  For instance, victims or potential abuse victims may be able to corroborate or support Plaintiff John Doe I's testimony regarding his abuse, and testify that Peter Newman was, in fact, abusing children.  Victims or potential abuse victims may be able to testify as to Peter Newman's bizarre and/or inappropriate behavior with minors during his tenure at Kanakuk, and may be able to testify as to who else had knowledge of his bizarre and/or inappropriate behavior during that time.  Victims or potential abuse victims may be able to testify as to the cover-up of Newman's behavior, and/or the notice of his behavior to Defendants.  Rule 26(a)(1) of the Federal Rules of Civil Procedure specifically requires the disclosure of "each individual likely to have discoverable information", and these persons certainly meet this definition.  These persons are fact witnesses, and Defendants must disclose their names (and contact information, if known).

2.5    To date, Defendants have provided Plaintiffs absolutely no reason for

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF PERSONS HAVING
KNOWLEDGE OF RELEVANT FACTS OR DISCOVERABLE INFORMATION, AND
DISCOVERABLE ITEMS - Page 4 of 7

Doe - Mtn to Compel Prod of Persons - fj07301203.wpd

their unwillingness to disclose the names of these likely knowledgeable witnesses, *even with a protective or confidentiality order in place*.  Plaintiffs have the right to speak with persons who have discoverable information in this case.

2.6    Moreover, Plaintiffs should be able to see (without confidentiality or protection) Newman's personnel file with Kanakuk, particularly, because it would show what these Defendants knew about Newman, and when it was known. Moreover, any subsequent investigation is also discoverable (without confidentiality or protection) because it relates to this lawsuit and may further support Plaintiffs' claims.  Defendants have provided Plaintiffs absolutely no reason or justification for their withholding these items, absent a confidentiality or protective order in place.

2.7    Moreover, Plaintiffs have previously served on Defendants a request for production pursuant to the Federal Rules of Civil Procedure.  Although the time for answering or responding to this discovery has long passed, Defendants have failed to show good cause for their failure to respond to this discovery and/or have either failed to produce the requested items, objected to their production, or failed to furnish a complete response to the requests in writing.  These requests include:

> **Plaintiffs' First Request for Production of Documents to Defendants**  (served on May 18, 2012) Nos. 1, 4, 9, 10, 11, 13, 14, 15, 19, 21, 22, 23, 24, 25, 27, 36, 37, 40, 41, 47, 42, 50, 52, 53, 54, 55, 62, 63, 65, 66, 67, and 68.  *See **Exhibit B***.

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF PERSONS HAVING KNOWLEDGE OF RELEVANT FACTS OR DISCOVERABLE INFORMATION, AND DISCOVERABLE ITEMS - Page 5 of 7

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray for an Order compelling said Defendants to disclose the names of victims or potential victims of Peter Newman, as well as any other person likely to have discoverable information, in unredacted form, and last known contact information, to produce complete written answers and responsive items to the aforementioned discovery, in the office of the Turley Law Firm, and for such other and further relief, general and special, legal and equitable, to which Plaintiffs are justly entitled.

Respectfully submitted,

TURLEY LAW FIRM

   /s/ Steven S. Schulte
Linda Turley
State Bar No. 20303800
Steven S. Schulte
State Bar No. 24051306
6440 North Central Expressway
1000 Turley Law Center
Dallas, Texas 75206
Telephone No. 214-691-4025
Telecopier No. 214-361-5802
lindat@wturley.com, davettes@wturley.com
stevens@wturley.com

ATTORNEYS FOR PLAINTIFFS

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF PERSONS HAVING
KNOWLEDGE OF RELEVANT FACTS OR DISCOVERABLE INFORMATION, AND
DISCOVERABLE ITEMS - Page 6 of 7

Doe - Mtn to Compel Prod of Persons - fj07301203.wpd

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this instrument has been served upon all counsel by CM/ECF and PACER when filed on August 10, 2012.

/s/ Steven S. Schulte
Steven S. Schulte

## CERTIFICATE OF CONFERENCE

I, Steven Schulte, spoke to counsel for Defendants Kanakuk and Joe White, Anthony R. Martinez, about the substance of this Motion, during the week of July 30, 2012, and again on August 10, 2012, and during these times, he confirmed that he was **OPPOSED** to this Motion.

/s/ Steven S. Schulte
Steven S. Schulte

PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF PERSONS HAVING KNOWLEDGE OF RELEVANT FACTS OR DISCOVERABLE INFORMATION, AND DISCOVERABLE ITEMS - Page 7 of 7

Doe - Mtn to Compel Prod of Persons - fj07301203.wpd