# Exhibit A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN DOE AND JANE DOE, Individually and as Next Friends of JOHN DOE I, a Minor | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 3:11-CV-524-G |
| KANAKUK MINISTRIES, KANAKUK HERITAGE, INC. JOE T. WHITE, and PETER "PETE" D. NEWMAN | ) ) ) ) ) | JURY TRIAL |
| Defendants. | ) | |

## DEFENDANTS KANAKUK MINISTRIES, KANAKUK HERITAGE, INC., AND JOE T. WHITE'S RULE 26(a)(1) INITIAL DISCLOSURES

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Kanakuk Ministries, Kanakuk Heritage, Inc., and Joe T. White ("Defendants"), hereby submit their Initial Disclosures:

Defendants make these disclosures subject to and without waiver of their right to protect from disclosure any work product of their attorneys, consultants, and/or other representatives, or any material protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege. Defendants also make these disclosures subject to the right to protect from disclosure information and/or documents protected by the privacy rights and/or interests of persons who may be indentified in the documents and also by federal or state statute, regulation, or other law.

In making these disclosures, Defendants do not represent that they are identifying all conceivable individuals, documents, electronically stored information, or tangible things upon

1

which they may rely to support their defenses. Further discovery, investigation, research, and analysis may supply additional facts and new meaning to known facts, as well as establish new factual conclusions and legal contentions, all of which may lead to changes, additions to, and variation from these initial disclosures when more information becomes known during the investigation and discovery in this case. Accordingly, Defendants reserve their rights to supplement or amend these disclosures in accordance with subsequent developments, and further make these disclosures without prejudice to their right to produce facts, witnesses, documents, electronically stored information, and other evidence omitted from these responses by oversight, inadvertence, good faith error, or mistake.

These disclosures are made on the basis of information reasonably known and available to Defendants at the present time. Defendants' investigation of the case continues and Defendants reserve the right to supplement these Initial Disclosures.

A.    **INITIAL WITNESS LIST. The name and, if known, the address and telephone number of each individual likely to have discoverable information -- along with the subjects of that information – that the disclosing party may use to support its defenses, unless the use would be solely for impeachment:**

The following individuals are like to have discoverable factual information that Defendants may use to support their claims or defenses:

1.    Peter D. Newman
**Subject:** Facts and allegations of this case.

2.    Kris Cooper
**Subject:** Employment and work history of Peter Newman.

3.    Joe White – President
**Subject:** Employment and work history of Peter Newman.

4.    Doug Goodwin
      **Subject:** Employment and work history of Peter Newman.

5.    Paul Etheridge
      **Subject:** Employment and work history of Peter Newman.

6.    John Doe
      **Subject:** Facts and allegations of this case.

7.    John Doe I
      **Subject:** Facts and allegations of this case.

8.    Jane Doe
      **Subject:** Facts and allegations of this case.

9.    Unknown and as yet unidentified health-care providers of Plaintiffs
      **Subject:** Damages to Plaintiffs in this case.

10.   Any and all individuals designated as witnesses by the Plaintiffs
      **Subject:** Facts and allegations of this case.

11.   Any individuals identified by other parties or in documents produced by other parties, in initial disclosures, in other discovery responses, or during depositions.
      **Subject:** Facts and allegations of this case.

Defendants reserve the right to supplement and/or amend this list during discovery in this action, and to call witnesses not listed in their initial disclosures or on court-ordered witness lists to the extent those witnesses will be called solely for impeachment. The names listed above should not be construed as an admission that any or all of the facts known to the individuals listed are legally relevant or admissible. Defendants reserve all rights to raise appropriate legal challenges to the admissibility of their testimony.

B.    **INITIAL DOCUMENTS LISTS. A copy - or a description by category and location - of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment:**

3

Based upon the allegations in Plaintiffs' Complaint, Defendants identify the following documents, electronically stored information, and tangible things that are in their possession, custody, or control and that they may use to support their defenses. By identifying these documents, Defendants are not waiving any right to claim any privileges such as attorney-client and work product privileges to these documents. Further, Defendants are not waiving any right to confidentiality or a protective order by identifying these documents. The following categories of documents are in Defendants' possession:

1.    Peter Newman's Personnel File;

2.    Correspondence between Plaintiffs and Kanakuk Kamp Staff;

3.    Kanakuk files regarding Peter Newman;

4.    Automated e-mails from Kanakuk to Plaintiffs;

5.    Kanakuk Playbooks; and

6.    Informational DVD's.

C.    **DAMAGES. A computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered:**

Not Applicable.

4

4814902 v1

D.    INSURANCE.    For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment:

ACE American Insurance is the insurance carrier for the Defendants. Colony Insurance Company is the excess carrier. Defendants will not produce the policies until a protective order is agreed upon by the parties, or if a protective order cannot be agreed upon by parties, until ordered by the Court.

Respectfully Submitted,

SHOOK, HARDY & BACON L.L.P.

_/s/ P. Randall Crump_____
P. Randall Crump
State Bar No. 05186020
JPMorgan Chase Tower
600 Travis Street, Suite 1600
Houston, Texas 77002-2992
Telephone: (713) 227-8008
Facsimile: (713) 227-9508
Email: pcrump@shb.com

**ATTORNEY FOR DEFENDANTS
KANAKUK MINISTRIES, KANAKUK
HERITAGE, INC. AND JOE T. WHITE**

5

## CERTIFICATE OF SERVICE

I herby certify that on the 9th day of January, 2011, I served the above and foregoing by overnight mail and e-mail to:

Linda Turley
Turley Law Firm
6440 N. Central Expressway
1000 Turley Law Center
Dallas, Texas 75206

ATTORNEY FOR PLAINTIFFS

I also herby certify that a true and correct copy of this instrument has been served upon

Peter D. Newman by certified mail on this 9th day of January, 2011 at the following address:

Jefferson City Correctional Center
Peter Newman
Doc# 1206755
Cell 5A-110
8200 No More Victims Road
Jefferson City, MO 65101

_/s/ P. Randall Crump_____
P. Randall Crump

6

4814902 v1