# Exhibit B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JOHN DOE and JANE DOE, §
Individually and as Next Friends of §
JOHN DOE I, a Minor, §
§
    Plaintiffs, §
§
v. § Civil Action No. 3:11-cv-00524-G
§
KANAKUK MINISTRIES (a/k/a and/or § HONORABLE U.S. DISTRICT
d/b/a, KANAKUK KAMP, KANAKUK § JUDGE A. JOE FISH
KAMPS, KANAKUK, KANAKUK- §
KANAKOMO KAMPS, CHRISTIAN §
CHILDREN'S CHARITY, KANAKUK §
ALUMNI FOUNDATION), KANAKUK §
HERITAGE, INC. (a/k/a and/or d/b/a §
KANAKUK MISSOURI, INC., §
KANAKUK KAMPS, INC., §
KANAKUK KAMPS, K-KAMPS, INC., §
KANAKUK-KANAKOMO KAMP, §
KANAKUK-KANAKOMO KAMPS, §
KANAKUK-KANAKOMO KAMPS, §
INC.), JOE T. WHITE, and PETER §
"PETE" D. NEWMAN, §
§
    Defendants. §

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION
## OF DOCUMENTS TO DEFENDANTS

TO:    Defendants, by and through their attorney of record, P. Randall Crump,
        Shook, Hardy & Bacon, L.L.P., JP Morgan Chase Tower, 600 Travis Street,
        Suite 1600, Houston, TX 77002-2992, and Pete Newman, *pro se*, #1206755 -
        VCCC SA-110, 8200 No More Victims Rd., Jefferson City, MO 65101-4539.

Plaintiffs John Doe and Jane Doe, Individually and as Next Friends of John Doe

I, a Minor,  hereby request the Defendants, as herein above named, to produce the

following information and documents, and to permit inspection, photographing, and

copying of the following specified documents, attached hereto, within thirty (30) days

at the Turley Law Firm, 6440 North Central Expressway, Suite 1000, Dallas, Texas

75206.

Respectfully submitted,

TURLEY LAW FIRM


Linda Turley
State Bar No. 20303800

Steven S. Schulte
State Bar No. 24051306
6440 North Central Expressway
1000 Turley Law Center
Dallas, Texas 75206
Telephone No. 214/691-4025
Telecopier No. 214/361-5802

ATTORNEY FOR PLAINTIFFS

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO
DEFENDANTS - Page 2 of 38

Doe - 1st RFP - fj12021121.wpd

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiffs' First Request for Production of Documents to Defendants has been served **by Fax and/or U.S.Mail** on this May 18, 2012:

### *VIA FAX*
P. Randall Crump,
Shook, Hardy & Bacon, L.L.P.
JP Morgan Chase Tower
600 Travis Street, Suite 1600
Houston, TX 77002-2992

### *VIA U.S. PRIORITY MAIL*
Mr. Peter D. Newman
#1206755 - VCCC SA-110
8200 No More Victims Rd
Jefferson City, MO 65101-4539

Steven S. Schulte

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO
DEFENDANTS - Page 3 of 38

Doe - 1st RFP - fj12021121.wpd

## INSTRUCTIONS

1.    Defendants shall produce all documents and materials described herein which are in their possession, custody or control, and permit inspection, copying, or reproduction thereof by Plaintiffs, their attorneys, or other persons acting on their behalf, to Linda Turley and Steven Schulte at the Turley Law Firm, 6440 N. Central Expressway, 1000 Turley Law Center, Dallas, Texas 75206.

2.    The documents produced in response to this document request shall be:

   (a)    organized and designated to correspond to the categories in the document request; or

   (b)    produced in a form that accurately reflects how they are maintained by Defendants in the normal course of business, including but not limited to the following:

      (i)    that all associated file labels, file headings, and file folders be produced together with the respective documents for each file and that each file be identified as to its owner or custodian;

      (ii)    that all pages now stapled or fastened together be produced stapled or fastened together; and

      (iii)    that all documents which cannot be legibly copied be produced in their original form.

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO
DEFENDANTS - Page 4 of 38

3.    The terms "**AND**" and/or "**OR**" shall be construed either disjunctively or conjunctively whenever appropriate in order to bring within the scope of this document request any documents which might otherwise be considered beyond its scope.

4.    The singular form of a word shall be interpreted as plural and the plural form of a word shall be interpreted as singular whenever appropriate in order to bring within the scope of this document request any documents which might otherwise be considered to be beyond its scope.

5.    Defendants shall include in their response to each request in this document request whether Defendants claims that any document responsive thereto has been lost or destroyed, is privileged or is otherwise unavailable.

6.    Defendants shall not use claims of ambiguity in interpreting either this document request or a definition or instruction applicable thereto as a basis for refusing to respond, but shall instead set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the particular request.

7.    This document request is continuing as to require supplemental responses in accordance with Rule 34 of the Federal Rules of Civil Procedure if additional documents specified herein are obtained or discovered between the time of responding to this document request and the final disposition of this lawsuit.

8.    In answering this Request for Production of Documents, Defendants are requested to furnish all information, including hearsay, in possession of Defendant's attorneys, agents, investigators, employees, independent contractors, and all other persons acting on behalf of Defendants, and not merely such information known or the personal knowledge of the person answering these Requests for Production.

9.    If you object to any Request for Production or any portion thereof on the grounds that it requests information that is privileged or falls within the attorney work product doctrine, provide the following information, except as it may call for the precise information you object to disclosing:

(a)    state the nature of the privilege or doctrine you claim;

(b)    if a document is the subject of your claim of privilege or exemption from discovery, so state and further;

(i)    identify it; and

(ii)    identify all persons known to you who have seen the document;

(iii)    the title and number of the request to which the document is responsive;

(iv)    the date the document was prepared or otherwise originated;

(v)    the name of each person who signed or prepared the document;

(vi)    to whom the document was directed or addressed;

(vii)    the nature or character of the document;

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO
DEFENDANTS - Page 6 of 38

Doe - 1st RFP - fj12021121.wpd

(viii)  the name and last known address of the persons having possession, custody, or control of the document;

(ix)  the specific objection upon which you rely in refusing production of the document.

(c)  If an oral communication is the subject of your claim of privilege or exemption from discovery, so state and further:

(i)  identify it;

(ii)  identify all persons known to you whom the substance of the oral communication has been disclosed; and

(iii)  state whether any document records or refers to the communication and identify each such document.

10.  Further, for those documents withheld on the basis of privilege, please place such documents in a sealed envelope and submit them to the Court for in-camera inspection.

11.  The time period covered by this document request is from 1995 to the present, unless otherwise specifically provided.

## DEFINITIONS APPLICABLE TO REQUEST FOR PRODUCTION

The following terms are defined and used in these requests as follows:

1.     "**PERSON**" means natural person, corporations, partnerships, sole proprietorships, unions, associations, federations, or any other kind of entity.

2.     "**DEFENDANTS**" means Kanakuk Ministries (a/k/a and/or d/b/a, Kanakuk Kamp, Kanakuk Kamps, Kanakuk, Kanakuk-Kanakomo Kamps, Christian Children's Charity, Kanakuk Alumni Foundation), Kanakuk Heritage, Inc. (a/k/a and/or d/b/a Kanakuk Missouri, Inc., Kanakuk Kamps, Inc., Kanakuk Kamps, K-Kamps, Inc., Kanakuk-Kanakomo Kamp, Kanakuk-Kanakomo Kamps, Kanakuk-Kanakomo Kamps, Inc.), Joe T. White, and Peter "Pete" D. Newman, and all representatives of Defendants acting or purporting to act on their behalf with respect to any matter inquired about in this Request for Production, including, but not limited to, all employees, consultants, agents or other representatives.

4.     "**YOU**" or "**YOUR**" or "**YOURS**" means Defendants as defined above and all representatives acting or purporting to act on their behalf with respect to any matter inquired about in this Request for Production including, but not limited to, agents, employees, representatives, investigators, or other representatives.

5.     "**OCCURRENCE MADE THE BASIS OF THIS SUIT**" means occurrence described in Plaintiffs' pleadings, including the injuries to Plaintiffs, and the acts by which the Defendants caused Plaintiffs' injuries and damages.

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO
DEFENDANTS - Page 8 of 38

Doc - 1st RFP - fj12021121.wpd

6.    "**STATEMENT**" is defined as stated in T.R.C.P. 192.3(h).

7.    "**DOCUMENTATION**" or "**DOCUMENT**" or "**RECORD(S)**" is defined as stated in T.R.C.P. 192.3(b).

8.    "**IDENTIFY**" or "**IDENTITY OF**" when referring:

  (a)    to a person, means to state his or her full name, present or last known business or residential street address, city, state, zip code, telephone number, and job description and/or job title;

  (b)    to a public or private corporation, partnership, association, or other organization or to a governmental agency, means to state its full name and present or last known pertinent business street address, city, state, zip code and telephone number;

  (c)    to a statement, means to identify who made it, who took it or recorded it, and all others, if any, present during the making thereof; to state when, where, and how it was taken or recorded, and to identify who has present or last known possession, custody or control thereof;

  (d)    to a document, means to give a reasonably detailed description thereof, including, if applicable, when, where and how it was made; to identify who made it, and to identify who has present or last known possession, custody or control thereof.

9.    "**INCIDENT IN QUESTION**" or "**INCIDENT**" means the incidents wherein

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO
DEFENDANTS - Page 9 of 38

Doe - 1st RFP - fj12021121.wpd

Pete Newman assaulted John Doe I and John Doe II at Kankakuk facilities, and in other locations, as more fully described in Plaintiffs' Petition.

## REQUEST FOR PRODUCTION

REQUEST FOR PRODUCTION NO. 1:   The claim file and any investigation conducted by you or on your behalf pertaining to or involving Pete Newman prior to the time this suit was filed.

RESPONSE:

REQUEST FOR PRODUCTION NO. 2:   Any and all written documents or other recorded data of any kind memorializing or otherwise describing any and all claims or lawsuits against Defendants.

RESPONSE:

REQUEST FOR PRODUCTION NO. 3:   Any and all written documents or other recorded data describing or otherwise memorializing the opinions of any consulting experts whose opinions or impressions have been reviewed by a testifying expert designated by any party to this lawsuit.

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS - Page 11 of 38

Doc - 1st RFP - fj12021121.wpd

RESPONSE:

REQUEST FOR PRODUCTION NO. 4:    All reports, memoranda, notes or documents regarding Pete Newman or pertaining to any investigation or allegation of abuse or misconduct involving Pete Newman and minors.

RESPONSE:

REQUEST FOR PRODUCTION NO. 5:    Any investigation or items from any state, federal, municipal, or county agency, or law officials involving Pete Newman.

RESPONSE:

REQUEST FOR PRODUCTION NO. 6:    All documents obtained by you pursuant to any authorization signed by Plaintiffs.

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS - Page 12 of 38

Doc - 1st RFP - fj12021121.wpd

RESPONSE:

REQUEST FOR PRODUCTION NO. 7:    All documents regarding any revocation, probation, suspension, or review of your license to operate summer camps.

RESPONSE:

REQUEST FOR PRODUCTION NO. 8:    All written documents provided to the Plaintiffs prior to or at the time their child attended Kanakuk summer camps in Missouri.  This includes, but is not limited to, all advertisements, promotional materials, contracts, enrollment forms, policies, procedures, and handbooks.

RESPONSE:

REQUEST FOR PRODUCTION NO. 9:     A copy of any and all reports made by Kanakuk to any governmental agency, including law enforcement, regarding Pete Newman.

RESPONSE:

REQUEST FOR PRODUCTION NO. 10:     A copy of any organizational chart for Kanakuk from 1995 to the present.

RESPONSE:

REQUEST FOR PRODUCTION NO. 11:     All documents reflecting any training, education, guidelines, rules, warnings, pamphlets, or any other written information provided to employees, agents, representatives, and/or staff, from 1995 to the present, pertaining to or referencing the prevention of child abuse or molestation.

RESPONSE:

REQUEST FOR PRODUCTION NO. 12:   All documents that you have retained in your possession that refer, reflect, or mention Plaintiffs.

RESPONSE:

REQUEST FOR PRODUCTION NO. 13:   Complete personnel or employment file of Pete Newman, including job applications, references, and evaluations and reprimands, as well as any notes, correspondence, memoranda, and the like, regarding Pete Newman and his employment with Kanakuk.

RESPONSE:

REQUEST FOR PRODUCTION NO. 14:   Any and all documents or items reflecting any discipline, reprimands, complaints, warnings, memoranda, notes, and correspondence pertaining to Pete Newman.

RESPONSE:

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS - Page 15 of 38

Doe - 1st RFP - fj12021121.wpd

REQUEST FOR PRODUCTION NO. 15:    Any and all documents reflecting the complete names, last known addresses, and the last four digits of the Social Security numbers for the  persons in the following positions from 1999 through the present:

    a.    Supervisor(s) of Pete Newman;

    b.    Person(s) who hired Pete Newman; and

    c.    Person(s) who worked directly with Pete Newman.

RESPONSE:

REQUEST FOR PRODUCTION NO. 16:    All financial documents that establish net worth for the Defendant, including but not limited to balance sheets, cash flow statements, profit and loss statements, and income statements.

RESPONSE:

REQUEST FOR PRODUCTION NO. 17:   All legal papers that show the incorporation or legal status of Defendants.

RESPONSE:

REQUEST FOR PRODUCTION NO. 18:   All policies and procedures that were in place at the Kanakuk summer camps in question for the years 1995 through the present, which relate to the prevention of sexual abuse of minors.

RESPONSE:

REQUEST FOR PRODUCTION NO. 19:   All documents reflecting any education or training materials provided to Pete Newman by Kanakuk, including those which relate to the prevention of child sexual abuse or molestation.

RESPONSE:

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS - Page 17 of 38

Doe - 1st RFP - fj12021121.wpd

REQUEST FOR PRODUCTION NO. 20:    A copy of the job description for every employee, agent, or representative of Kanakuk for the years 2000 to the present, including the position or positions at which Pete Newman worked during this period.

RESPONSE:

REQUEST FOR PRODUCTION NO. 21:    All documents pertaining to any investigation into any incident of abuse at Kanakuk, from 1995 to the present, which involved a minor and a Kanakuk employee, agent, representative, or staff member.

RESPONSE:

REQUEST FOR PRODUCTION NO. 22:    All items from any investigation into any incident or allegation of abuse or molestation involving Pete Newman by Kanakuk or any individual or entity on behalf of Kanakuk.

RESPONSE:

REQUEST FOR PRODUCTION NO. 23:    All policies and procedures in effect from 1995 through the present, relating to the selection, hiring, and retention of Kanakuk workers who would be in contact with minors.

RESPONSE:

REQUEST FOR PRODUCTION NO. 24:    All documents, tangible things, and electronically stored information (including electronic or magnetic data) relating to any background check, including educational and criminal, that was conducted on Pete Newman before or while he worked with Kanakuk.

RESPONSE:

REQUEST FOR PRODUCTION NO. 25:    All documents, tangible things, and electronically stored information (including electronic or magnetic data) relating to the hiring, selection, retention, and supervision of Pete Newman. This includes any job

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO
DEFENDANTS - Page 19 of 38

Doe - 1st RFP - fj12021121.wpd

application, evaluations, references, background checks, notes or remarks, and reprimands.

RESPONSE:

REQUEST FOR PRODUCTION NO. 26:   For each lawsuit filed against you alleging personal or bodily injury or harm occurring in the ten years before and since the incident in question, and which allegedly resulted in whole or in part from or by abuse, all documents, tangible things, and electronically stored information (including electronic or magnetic data) which constitute, contain, or record:

(a)   Last complaint, petition, or pleading filed against you in the lawsuit;

(b)   Your last answer or responsive pleading filed in the lawsuit; and

(c)   The sworn oral testimony given by you and your employees, agents, representatives, and staff during any court proceeding or deposition in the lawsuit along with any exhibits referenced therein.

RESPONSE:

REQUEST FOR PRODUCTION NO. 27:   All documents, tangible things, and electronically stored information (including electronic or magnetic data) that constitute or contain your policies, procedures, instructions, and rules for preventing sexual abuse by your workers, employees, representatives, and agents.

RESPONSE:

REQUEST FOR PRODUCTION NO. 28:   All depositions taken in this lawsuit as well as all documents, tangible things, and electronically stored information (including electronic or magnetic data) obtained through a deposition taken in this lawsuit.

RESPONSE:

REQUEST FOR PRODUCTION NO. 29:   All photographs and electronic images of any sort that you intend to offer into evidence in this lawsuit.

RESPONSE:

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS - Page 21 of 38

Doc - 1st RFP - fj12021121.wpd

REQUEST FOR PRODUCTION NO. 30:   All pictures, videotapes, films, animations, simulations, sketches, drawings, diagrams, illustrations, maps, charts, graphs, models, and other visual images of:

  (a)   the underlying facts;

  (b)   the area or areas where any alleged abuse or molestation by Pete Newman occurred;

  (c)   the damages sustained by anyone as a result of the incident in question; or

  (d)   anyone involved in the incident in question.

RESPONSE:

REQUEST FOR PRODUCTION NO. 31:   All electronic recordings that constitute or contain matters relating to the claims or defenses in this lawsuit, including video and audio tape recordings.

RESPONSE:

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS - Page 22 of 38

Doe - 1st RFP - fj12021121.wpd

REQUEST FOR PRODUCTION NO. 32:   With respect to any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert:

    (a)    those documents reasonably necessary to determine the consulting expert's name, address, and telephone number;

    (b)    the consulting expert's current resume and bibliography;

    (c)    all documents, tangible things, and electronically stored information (including electronic or magnetic data) constituting, containing, or reflecting the consulting expert's mental impressions and opinions formed or made in connection with this case, and any methods used to derive them;

    (d)    all documents, tangible things, and electronically stored information (including electronic or magnetic data) constituting, containing, or reflecting the facts known by the consulting expert that relate to or form the basis of the consulting expert's mental impressions and opinions formed or made in connection with this case; and

    (e)    all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the consulting expert in anticipation of the testifying expert's testimony.

RESPONSE:

REQUEST FOR PRODUCTION NO. 33:   All documents signed by the

Plaintiffs.

RESPONSE:

REQUEST FOR PRODUCTION NO. 34:   All documents, tangible things, and

electronically stored information (including electronic or magnetic data) that constitute

or contain statements by the Plaintiffs.

RESPONSE:

REQUEST FOR PRODUCTION NO. 35:   All documents, tangible things, and

electronically stored information (including electronic or magnetic data) that constitute

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO
DEFENDANTS - Page 24 of 38

Doe - 1st RFP - fj12021121.wpd

or contain accounts of the incident in question which have been submitted to any

government agency, including communications in the nature of incident reports.

RESPONSE:

REQUEST FOR PRODUCTION NO. 36:   All documents, tangible things, and

electronically stored information (including electronic or magnetic data) that constitute

or contain the results of any investigation of the incident in question by:

(a)   any government agency; or

(b)   any person, business, or entity that was not retained by you or acting as

your representative.

RESPONSE:

REQUEST FOR PRODUCTION NO. 37:   All documents, tangible things, and

electronically stored information (including electronic or magnetic data) that constitute

or contain your account of the abuses in question, which you prepared or gave to

anyone prior to the filing of this lawsuit, including items in the nature of incident

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO
DEFENDANTS - Page 25 of 38

Doe - 1st RFP - fj12021121.wpd

reports, interviews with insurance adjusters, and email reporting the abuses in question.

RESPONSE:

REQUEST FOR PRODUCTION NO. 38:    All documents, tangible things, and electronically stored information (including electronic or magnetic data) constituting, containing, or reflecting warnings or instructions, which relate to the claims or defenses in this lawsuit, that you contend were available to the Plaintiffs prior to the abuse in question.

RESPONSE:

REQUEST FOR PRODUCTION NO. 39:    With respect to those persons, if any, who have been convicted of a crime, and who have been identified by the  as having knowledge of relevant facts, Plaintiffs request all documents and electronic or magnetic data that evidence such a conviction.

RESPONSE:

REQUEST FOR PRODUCTION NO. 40:   All documents and tangible things that constitute or contain information about the time, place, and nature of any crimes for which Joe White or Pete Newman or Lee Bradbury have been convicted or crimes for which charges are pending against them, including warrants, indictments, plea agreements, final judgments, and terms of probation.

RESPONSE:

REQUEST FOR PRODUCTION NO. 41:   All medical and mental health records for Pete Newman from 1990 to the present, including all counseling records and reports.

RESPONSE:

REQUEST FOR PRODUCTION NO. 42:   All documents, tangible things, and electronically stored information (including electronic or magnetic data) that constitute, contain, record, or reflect any changes which have been made or measures which have

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO
DEFENDANTS - Page 27 of 38

been taken by you since the abuse in question, which may make similar incidents less likely to occur in the future.

RESPONSE:

REQUEST FOR PRODUCTION NO. 43:   All statutes, regulations, and government safety standards or rules or statutes which you contend relate to the claims or defenses in this lawsuit.

RESPONSE:

REQUEST FOR PRODUCTION NO. 44:   All voluntary safety standards or rules or statutes which you contend relate to the claims or defenses in this lawsuit.

RESPONSE:

REQUEST FOR PRODUCTION NO. 45:   All documents and tangible things that constitute published treatises, periodicals, or pamphlets on a subject of history, medicine, or other science or art which you will call to the attention of an expert witness in the trial of this lawsuit.

RESPONSE:

REQUEST FOR PRODUCTION NO. 46:   All documents that constitute, contain, record, or reflect anything in the nature of a joint defense agreement between you and any other party in this lawsuit.

RESPONSE:

REQUEST FOR PRODUCTION NO. 47:   All documents, tangible things, and electronically stored information (including electronic or magnetic data) that constitute or contain your safety program, policies, or rules that were in effect from 1995 to the present, and which relate to abuse or molestation.

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS - Page 29 of 38

Doe - 1st RFP - fj12021121.wpd

RESPONSE:

REQUEST FOR PRODUCTION NO. 48:   The job description for Pete Newman in effect from 1999 to the present.

RESPONSE:

REQUEST FOR PRODUCTION NO. 49:   Any warnings or notices pertaining to Pete Newman.

RESPONSE:

REQUEST FOR PRODUCTION NO. 50:   The employment, personnel, and work file in the possession, custody, or control of Defendants, relating to Pete Newman, including job applications, evaluation, performances, salary and

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS - Page 30 of 38

Doe - 1st RFP - fj12021121.wpd

compensation/benefits, work hours, job description, reprimands, vacation and travel schedules, and warnings, notes, communications, and memorandum relating to him.

RESPONSE:

REQUEST FOR PRODUCTION NO. 51:   All policies, procedures, rules, instructions, and guidelines provided by you to your employees, representatives, staff, including camp counselors, designed to protect children, which were in effect from 1995 to the present.

RESPONSE:

REQUEST FOR PRODUCTION NO. 52:   The complete employment file of Pete Newman, including any reviews, memoranda, notes, salary information or requirements, evaluations, reprimands or suspensions, payments on his behalf, benefits or compensation, vacation requests and time-off.

RESPONSE:

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS - Page 31 of 38

Doe - 1st RFP - fj12021121.wpd

REQUEST FOR PRODUCTION NO. 53:    All items reflecting the full names and last known addresses and telephone numbers of all individuals who lodged a complaint or allegation regarding Pete Newman.

RESPONSE:

REQUEST FOR PRODUCTION NO. 54:    All items reflecting the full names and last known addresses and telephone numbers of all persons who alleged that they were abused or molested by Pete Newman.

RESPONSE:

REQUEST FOR PRODUCTION NO. 55:    All items reflecting the full names and last known addresses and telephone numbers of all persons who have alleged misconduct on the part of Pete Newman.

RESPONSE:

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS - Page 32 of 38

Doc - 1st RFP - fj12021121.wpd

<u>REQUEST FOR PRODUCTION NO. 56</u>:   Kanakuk's flow chart from 1995 to the present.

RESPONSE:

<u>REQUEST FOR PRODUCTION NO. 57</u>:   All documents and items sent to Plaintiffs regarding or promoting Kanakuk camps.

RESPONSE:

<u>REQUEST FOR PRODUCTION NO. 58</u>:   All video and audio of Joe White's presentations at Texas Stadium in Irving, Texas or other Promise Keepers events.

RESPONSE:

REQUEST FOR PRODUCTION NO. 59:   All items distributed at any Promise Keepers events, including Joe White's presentations at Texas Stadium in Irving, Texas.

RESPONSE:

REQUEST FOR PRODUCTION NO. 60:   All written communications between Pete Newman and Joe White.

RESPONSE:

REQUEST FOR PRODUCTION NO. 61:   All written communications between Pete Newman and Kanakuk Ministries and Kanakuk Heritage.

RESPONSE:

REQUEST FOR PRODUCTION NO. 62:   All documents and items from a criminal or civil proceedings in which Joe T. White testified, including any items which

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS - Page 34 of 38

Doc - 1st RFP - fj12021121.wpd

reflect the case style and cause number.  This includes trial or deposition testimony.

RESPONSE:

REQUEST FOR PRODUCTION NO. 63:    All medical, mental health, psychiatric, or psychological records in the possession, custody, or control of Joe T. White, Kanakuk Heritage, and Kanakuk Ministries, pertaining to Pete Newman.

RESPONSE:

REQUEST FOR PRODUCTION NO. 64:    All correspondence and communications between Joe T. White and Kanakuk Ministries or Kanakuk Camps regarding Pete Newman.

RESPONSE:

REQUEST FOR PRODUCTION NO. 65:    All documents and items received from any entity or agency regarding Pete Newman and his inappropriate sexual conduct or behavior with minors.

RESPONSE:

REQUEST FOR PRODUCTION NO. 66:    All letters between Pete Newman and any sex abuse victim of his.

RESPONSE:

REQUEST FOR PRODUCTION NO. 67:    All written correspondence and communications, including notes, memoranda, letters, and e-mails, reflecting the names of any alleged abuse victims of Pete Newman.

RESPONSE:

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS - Page 36 of 38

Doc - 1st RFP - fj12021121.wpd

REQUEST FOR PRODUCTION NO. 68:  Complete personnel or employment file of any employee, agent, representative, or staff member, who was alleged to have molested or abused minors while working at Kanakuk camps, including their job applications, references, evaluations, and reprimands, disciplinary history, as well as any notes, correspondence, memoranda, warnings, and notices regarding that individual and his employment or work with Kanakuk or at Kanakuk camps.

RESPONSE:

REQUEST FOR PRODUCTION NO. 69:  All items from any investigation into any incident or allegation of abuse or molestation involving any employee, agent, representative, or staff member of Kanakuk, including Pete Newman and Lee Bradbury, by Kanakuk or any individual or entity on behalf of Kanakuk.

RESPONSE:

REQUEST FOR PRODUCTION NO. 70:  All items reflecting the full names

PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS - Page 37 of 38

Doe - 1st RFP - fj12021121.wpd

and last known addresses and telephone numbers of any persons who have alleged they were abused or molested by any employee, agent, representative, or staff member of Kanakuk from 1995 to present. This Request includes Pete Newman and Lee Bradbury.

RESPONSE: