UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JOHN DOE and JANE DOE, Individually   §
and as Next Friends of John Doe I, a   §
Minor   §
  §
     Plaintiffs,   §
  §
vs.   §   Case No: 3:11-CV-00524-G
  §
KANAKUK MINISTRIES,   §
KANAKUK HERITAGE, INC.,   §
JOE T. WHITE, and   §
PETER "PETE" D. NEWMAN,   §
  §
     Defendants.   §

**KANAKUK DEFENDANTS, JOE T. WHITE AND JAMES TED PRIEST'S
BRIEF IN SUPPORT OF THEIR MOTION TO QUASH PLAINTIFFS'
SUBPOENA SERVED ON ATTORNEY JAMES TED PRIEST, ESQ.**

Defendants Kanakuk Heritage, Inc., Kanakuk Ministries and Joe T. White

("Kanakuk Defendants") and Third-Party, James Ted Priest, pursuant to Federal Rule of

Civil Procedure 45, move this Court for an order quashing the subpoena to produce

documents and attend deposition served on attorney James Ted Priest, Esq. ("Attorney

Priest") by Plaintiffs.

**INTRODUCTION**

On January 3, 2013, the Kanakuk Defendants received notice of Plaintiffs' intent

to serve a subpoena *duces tecum* pursuant to Rule 45 on Attorney Priest for the

production of certain documents and a deposition on written questions. *See* Subpoena

and Document Request, attached as Exhibit A. Attorney Priest, a resident of

Oklahoma, was served with a subpoena issued by the U.S. District Court for the

Northern District of Texas while he was in Oklahoma on or about January 9, 2013. *Id.*

The subpoena demands that Attorney Priest produce and/or permit inspection of documents regarding his legal representation of Kanakuk Defendants, as well as attend a deposition. *Id.*

Kanakuk Defendants, Joe T. White, and Third Party, James Priest, object to and request that the Court quash the subpoena to Attorney Priest because it does not meet the requirements mandated under Federal Rule of Civil Procedure 45, it impermissibly exceeds the scope of discovery, and it requires disclosure of privileged information.

### ARGUMENT

I. **Plaintiffs' Subpoena To Attorney Priest Fails To Conform To The Federal Rules Of Civil Procedure, It Is Impermissibly Vague, And It Impermissibly Seeks Privileged Information.**

The subpoena issued to Attorney Priest is invalid because it:

1. Fails to meet the form and contents requirements of Rule 45;

2. Was not issued by the proper court;

3. Is impermissibly overbroad; and

4. Impermissibly seeks materials that fall under the attorney-client and work product privileges.

**a. Requirements of Third Party Subpoena and Controlling Law**

Federal Rule of Civil Procedure 45 governs subpoenas issued to third-parties for the production of documents and materials. *See generally* FED. R. CIV. P. 45. Rule 45 explicitly states the requirements that a subpoena must meet in order to be valid. FED. R. CIV. P. 45(a)(1). Rule 45 requires, among other things, that every subpoena must "set out the text of Rule 45(c) and (d)" of the current Federal Rules of Civil Procedure. FED. R. CIV. P. 45(a)(1)(A)(iv).

Additionally, Federal Rule of Civil Procedure 45(a)(2) provides the procedure for identifying the court which must issue a Rule 45 subpoena. *See generally* FED. R. CIV. P. 45(a)(2). Rule 45 provides that, "for attendance at a deposition, [a subpoena must be issued] from the court for the district where the deposition is to be taken." FED. R. CIV. P. 45(a)(2)(B). [F]or production or inspection, if separate from a subpoena commanding a person's attendance, [a subpoena must be issued] from the court for the district where the production or inspection is to be made." FED. R. CIV. P. 45(a)(2)(C). Moreover, if the subpoena is for production or inspection and attendance at a deposition, then the court for the district where the deposition is to be taken must issue a subpoena. FED. R. CIV. P. 45(a)(2)(B) & (C).

Further, the scope of any and all materials sought by the subpoena is subject to the relevancy requirements of Rules 34 and 26. *See* Advisory Committee Note to the 1970 amendments of Rule 45(d)(1). Lastly, pursuant to Rule 45, the issuing court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." FED. R. CIV. P. 45(c)(3)(A)(iii).

### b. The Plaintiffs' Subpoena Is Invalid Because It Fails To Meet The Necessary Requirements Under Rule 45(a)(1)(A)(iv).

In order for a subpoena to be valid under Rule 45, the subpoena **must**, among other things, "set out the text of Rule 45(c) and (d)." FED. R. CIV. P. 45(a)(1)(A)(iv). This subpoena requirement, undoubtedly, was added to the Federal Rules of Civil Procedure to protect the individual who is subject to the subpoena by giving notice of rights and duties. *See* Advisory Committee Notes to the 1991 amendments. Plaintiffs' subpoena does not meet this requirement because it fails to set out the current text of Rule 45 (c) and (d) as amended December 1, 2007. *See* Rule 45 as amended Dec. 1, 2007,

attached as Exhibit B.  The language in Plaintiffs' subpoena, which at one point may have been the text of Rule 45 (c) and (d), significantly varies from the current text of the Federal Rules of Civil Procedure.  *See* Exhibit A.  The text of Rule 45 (c) and (d) in the subpoena differs in many instances, including but not limited to the overall wording and clarity, the failure to include subsections, the failure to include the duties, rights, and objections associated with electronically stored information, and the duties and rights associated with claiming privilege or protection. *Id.*  Plaintiffs' failure to comport with the current Federal Rules of Civil Procedure is not surprising, as the subpoena indicates that it was last revised in November of 1991. *Id.*  Since 1991, the Federal Rules of Civil Procedure have endured substantive changes to Rule 45 (c) and (d).  *See* Advisory Committee Notes to the 1991-2007 amendments.  For this reason alone, the subpoena should be quashed because it prejudices Attorney Priest by misstating his rights and duties.

### c. The Subpoena Is Procedurally Defective Because Plaintiffs Issued It From The Wrong District Court.

Rule 45(a)(2) mandates the specific district court from which a subpoena must be issued:

> (B)    For attendance at a deposition, from the court for the district where the deposition is to be taken; and

> (C)    For production or inspection, if separate from a subpoena commanding a person's attendance, from the court for the district where the production or inspection is to be made.

FED. R. CIV. P. 45(a)(2)(B) & (C).  Plaintiffs issued the subpoena from the U.S. District Court for the Northern District of Texas to Attorney Priest at 1503 E. 19th St., Edmond, Oklahoma 73013, and commanded him to produce certain documents and attend a

deposition at the same address. *See* Exhibit A. The U.S. District Court for the Northern District of Texas, however, is the improper issuing court because the subpoena's proper issuing court is governed by Rule 45 (a)(2)(B). *See* FED. R. CIV. P. 45 (a)(2)(B) & (C). Rule 45(a)(2)(B) requires that the subpoena be issued from the appropriate Oklahoma District Court—i.e., "the court for the district where the deposition is to be taken." *See* FED. R. CIV. P. 45 (a)(2)(B); see e.g., *Nunn v. State Farm Mut. Auto. Ins. Co.*, No. 3:08-CV-1486-D, 2010 U.S. Dist. LEXIS 112168 (N.D. Tex. Oct. 21, 2010). Accordingly, even assuming the substantive nature of the documents requested in the subpoena is proper—which it is not—the subpoena itself is defective because the deposition is to be taken in Edmond, Oklahoma, which is not in the Northern District of Texas. The Court should quash Plaintiffs' subpoena for this reason alone.

### d. Plaintiffs' Requests Are Overbroad And Seek Privileged Material.

The scope of documents and information sought by a subpoena under Rule 45 are subject to the relevancy requirements of Rules 34 and 26. *See* Advisory Committee Note to the 1970 amendments of Rule 45(d)(1). The Northern District of Texas has held that requesting "any and all documents" regarding a particular person is overbroad and impermissible. *Williams v. City of Dallas*, 178 F.R.D. 103, 110 (N.D. Tex. 1998) (emphasis added). Plaintiffs' subpoena requests "any and all" documents relating to Peter Newman and, therefore, is defective. *See* Exhibit A. Thus, it must be quashed.

Further, the request seeks privileged material and such material is protected under the Federal Rules from disclosure pursuant to a subpoena. FED. R. CIV. P. 45(c)(3)(A)(iii). Attorney Priest, an Oklahoma-based lawyer, was engaged in April 2003 by Kanakuk to advise Kanakuk on legal employment matters concerning Peter

Newman.  *See* Oklahoma Bar Associate attorney information, attached as Exhibit C; *see also*, Attorney Priest's law firm bio, attached as Exhibit D.  Generally, Attorney Priest assisted and advised Kanakuk in crafting disciplinary employment documents and engaged in discussions with Peter Newman about the legal ramifications of employee conduct. *See* Affidavit of James Priest, attached as Exhibit E.  Kanakuk requests that the subpoena be quashed because it requests documents protected by the attorney-client or work product doctrines.  Any documents relating to Kanakuk's legal representation in the possession of Attorney Priest are protected by the attorney-client or work product doctrine. Thus, Kanakuk claims privilege for the materials listed on Attorney Priest's privilege log, which is attached to the Affidavit of James Priest, Exhibit E.

### CONCLUSION

Plaintiffs did not issue a valid subpoena to Attorney Priest because it failed to meet the form and contents requirements under Rule 45 by not stating the text of subsections (c) and (d).  Additionally, the Plaintiffs' subpoena is invalid because it was not issued by the proper district court.  Thus, the subpoena is not enforceable and must be quashed.  Even assuming Plaintiffs complied with the necessary procedural requirements of Rule 45, the requests in the subpoena are so broad and unlimited in time, geographic, and topical scope that they violate the relevancy requirements of Rule 26(b)(1) and, thus, the subpoena is defective, again. Finally, the documents sought by Plaintiffs' subpoena would result in the production of documents protected by the attorney-client or work product privileges and should be quashed under Rule 45(c)(3)(A)(iii).

Respectfully submitted,

THE BERRY FIRM, P.L.L.C

By:   /s/ Deborah B. Junek
      DEBORAH B. JUNEK
      State Bar No. 02946800
      Adolphus Tower
      1412 Main Street, Suite 2300
      Dallas, Texas  75202
      214.915.9800 - telephone
      214.752.8250 - fax
      Email:  Junek@berryfirm.com

and

SHOOK, HARDY & BACON L.L.P.

By:   /s/ P. Randall Crump
      P. Randall Crump
      State Bar No. 05186020
      JPMorgan Chase Tower
      600 Travis Street, Suite 3400
      Houston, Texas  77002-2926
      Telephone:  (713) 227-8008
      Facsimile:   (713) 227-9508
      Email:  pcrump@shb.com

**ATTORNEYS FOR KANAKUK DEFENDANTS**

and

RUBENSTEIN & PITTS

By:   /s/ James T. Priest
      James T. Priest *(appearing specially*
      *without waiver of jurisdiction)*
      OK State Bar No. 007310
      1503 E. 19th Street
      Edmond, OK 73013
      Telephone:  (405) 340-1900
      Facsimile:   (405) 340-1001

## CERTIFICATE OF SERVICE

On the 15th day of January, 2013, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal rule of Civil Procedure 5 (b)(2).

**Via E-Service**
Linda Turley
Steven S. Schulte
TURLEY LAW FIRM
6440 North Central Expressway
10000 Turley Law Center
Dallas, Texas 75206
lindat@wturley.com; davettes@wturley.com
stevens@wturley.com

**Via CMRRR**
Peter D. Newman
JCCC SA-110
Jefferson City Correctional Center
8200 No More Victims Road
Jefferson City, MO 65101
*Pro Se*

**Via E-Service**
P. Randall Crump
Anthony R. Martinez
JP Morgan Chase Tower
600 Travis Street, Suite 1600
Houston, Texas 77002
prcrump@shb.com; amartinez@shb.com

*/s/ Deborah B. Junek*
Deborah B. Junek

# EXHIBIT A

# MWA Reporters

6440 North Central Expressway
Suite 410
Dallas, TX 75206
Tel: 214-363-7471  Fax: 214-363-7760

VIA: [ ] MAIL      [ ] FAX:          COVER AND _____ PAGES

CUSTODIAN OF RECORDS
**James Ted Priest**
**1503 E. 19th St.**
**Edmond, OK 73013**
**James Priest**

Please find enclosed a request for records of:

**Peter "Peter" Daniel Newman**
**DOB: 10/30/1975   SSN: unknown**

We are requesting:

**Any and all items which relate to or reference Peter D. Newman and/or his abuse of or conduct with children, and/or his suitability to be around minor boys. This request includes all writings between you and the Kanakuk and/or Joe White Defendants, including any notes, memoranda, emails, evaluations, and correspondence and communications.**

IF YOUR FEE EXCEEDS $100.00, please call for fee approval before sending the records. If you are located outside of the Dallas/Fort Worth Metrolex, please call and we will provide you with a Federal Express account number to FedEx the records to our office.   Thank you for your cooperation.

*Please DO NOT complete the legals before: 01/23/2013*

[ ] Subpoena              [ ] Cross Questions

[ ] Written Questions     [ ] Affidavit of No Record

[ ] Affidavit             [ ]

Contact:   Cathy Sanders
           support@mwareporters.com
Order No.  8121.002

# IN THE UNITED STATES DISTRICT COURT
## FOR THE Northern DISTRICT OF TEXAS
### Dallas DIVISION

JOHN DOE, et al                             :

                                          :

vs                                      :        CIVIL ACTION NO. 3:11-CV-524

                                          :

KANAKUK MINISTRIES, et al              :

## NOTICE OF INTENTION
## TO TAKE DEPOSITION BY WRITTEN QUESTIONS

To Defendant by and through their attorney(s) of record: P. Randall Crump (Shook, Hardey & Bacon, L.L.P.)
To other party/parties by and through their attorney(s) of record:

You will please take notice that fourteen (14) days from the service of a copy hereof with attached questions, a deposition by written questions will be taken of Custodian of Records for:

**James Ted Priest (Any & All Records)**
**1503 E. 19th St.**
**Edmond, OK 73013**

before a Notary Public for    **MWA Reporters**
                                **6440 North Central Expressway**
**Suite 410**

                              **Dallas, TX 75206**
                              **214-363-7471  Fax 214-363-7760**

or its designated agent, which deposition with attached questions may be used in evidence upon the trial of the above-styled and numbered cause pending in the above named court. Notice is further given that request is hereby made as authorized under Rule 45, Federal Rules of Civil Procedure, to the officer taking this deposition to issue a subpoena duces tecum and cause it to be served on the witness to produce any and all records as described on the attached questions and/or Exhibit(s) and any other such record in the possession, custody or control of the said witness, and every such record to which the witness may have access, pertaining to:

**Peter "Peter" Daniel Newman**

and to turn all such records over to the officer authorized to take this deposition so that photographic reproductions of the same may be made and attached to said deposition.

                                              **Steven Schulte**
                                              **Turley Law Firm**
                                            **6440 North Central Expressway**
                                              **1000 Turley Law Center**
                                              **Dallas, TX 75206**
                                              **214-691-4025  Fax 214-361-5802**
                                              Attorney for Plaintiff
                                              SBA # 24051306

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all Counsel of Record by hand delivery, FAX, and/or certified mail, return receipt requested, on this day.

Dated:  January 3, 2013                      by _____

Order No. 8121

AO 88 (Rev. 11/91) Subpoena in a Civil Case

# United States District Court

## FOR THE Northern DISTRICT OF TEXAS
## Dallas DIVISION

JOHN DOE, et al

**SUBPOENA IN A CIVIL CASE**

vs

**CASE NUMBER:  3:11-CV-524**

KANAKUK MINISTRIES, et al

TO:     Custodian of Records for:        James Ted Priest
                                        1503 E. 19th St.
                                        Edmond, OK 73013

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time  specified below to testify at the taking of deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| The office of the custodian:   1503 E. 19th St. Edmond, Oklahoma | **10:00 am     01/18/2013** |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Any and all items which relate to or reference Peter D. Newman and/or his abuse of or conduct with children, and/or his suitability to be around minor boys. This request includes all writings between you and the Kanakuk and/or Joe White Defendants, including any notes, memoranda, emails, evaluations, and correspondence and communications.

| PLACE | DATE AND TIME |
|---|---|
| The office of the custodian:   1503 E. 19th St. Edmond, Oklahoma | **10:00 am     01/18/2013** |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b) (6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)» | DATE |
|---|---|
| *Steven Schulte*     bPCs | *January 3, 2013* |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Steven Schulte
Turley Law Firm
6440 North Central Expressway
1000 Turley Law Center Dallas, TX 75206  214-691-4025

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

Order No. 8121.002

AO 88 (Rev. 11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　　　DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel the production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person,

except that, subject to the provisions of clauses (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and not exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of an party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE Northern DISTRICT OF TEXAS
Dallas DIVISION

JOHN DOE, et al                                    :
                                                   :
                                                   :
vs                                                 :      CIVIL ACTION NO. 3:11-CV-524
                                                   :
                                                   :
KANAKUK MINISTRIES, et al                          :


## DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS

Custodian of Records for:  **James Ted Priest**
Records Pertaining To: Peter "Peter" Daniel Newman
Type of Records:  Any and all items which relate to or reference Peter D. Newman and/or his abuse of or conduct with
           children, and/or his suitability to be around minor boys. This request includes all writings between you
           and the Kanakuk and/or Joe White Defendants, including any notes, memoranda, emails, evaluations,
           and correspondence and communications.


1.  State your full name, occupation, and official title.

    Answer: _____

2.  Are you able to identify these records as the originals or true and correct copies of the originals?

    Answer: _____

3.  Were these records made and kept in the regular course of business?

    Answer: _____

4.  In the regular course of business, did the person who signed or otherwise prepared these records either have personal
    knowledge of the entries on these records or obtain the information from sources who have such personal knowledge to make
    such records?

    Answer: _____

5.  Are these records under your care, supervision, directions, custody or control?

    Answer: _____

6.  Are these records made at a time closely related to or simultaneous with the occurrence recorded on these records?

    Answer: _____


Order No. 8121.002

7.  Were these records kept as described in the previous questions?

Answer: _____

8.  Please gather any and all such records together and deliver them to the Officer taking your deposition. Have you done as requested? If not, why not?

Answer: _____


_____
WITNESS (Custodian of Records)

Before me, the undersigned authority, on this day personally appeared _____,
known to me to be the person whose name is subscribed to the foregoing instrument in the capacity therein stated, who being first duly sworn, stated upon his/her oath that the answers to the foregoing questions are true and correct. I further certify that the records attached hereto are exact duplicates of the original records.

SWORN TO AND SUBSCRIBED before me this _____ day of _____, 20_____.


_____
NOTARY PUBLIC

My Commission Expires: _____

# EXHIBIT B



1 of 1 DOCUMENT

UNITED STATES CODE SERVICE
Copyright © 2013 Matthew Bender & Company, Inc.
a member of the LexisNexis Group (TM)
All rights reserved

\*\*\* Current through changes received January 2, 2013 \*\*\*

FEDERAL RULES OF CIVIL PROCEDURE
TITLE VI. TRIALS

**Go to the United States Code Service Archive Directory**

USCS Fed Rules Civ Proc R 45

Review Court Orders which may amend this Rule.

Rule 45. Subpoena

(a) In General.
  (1) *Form and Contents.*
    (A) Requirements--In General. Every subpoena must:
      (i) state the court from which it issued;
      (ii) state the title of the action, the court in which it is pending, and its civil-action number;
      (iii) command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and
      (iv) set out the text of Rule 45(c) and (d).
    (B) Command to Attend a Deposition--Notice of the Recording Method. A subpoena commanding attendance at a deposition must state the method for recording the testimony.
    (C) Combining or Separating a Command to Produce or to Permit Inspection; Specifying the Form for Electronically Stored Information. A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises may be included in a subpoena commanding attendance at a deposition, hearing, or trial, or may be set out in a separate subpoena. A subpoena may specify the form or forms in which electronically stored information is to be produced.
    (D) Command to Produce; Included Obligations. A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding party to permit inspection, copying, testing, or sampling of the materials.
  (2) *Issued from Which Court.* A subpoena must issue as follows:
    (A) for attendance at a hearing or trial, from the court for the district where the hearing or trial is to be held;
    (B) for attendance at a deposition, from the court for the district where the deposition is to be taken; and
    (C) for production or inspection, if separate from a subpoena commanding a person's attendance, from the court for

the district where the production or inspection is to be made.

(3) *Issued by Whom.* The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena as an officer of:

(A) a court in which the attorney is authorized to practice; or

(B) a court for a district where a deposition is to be taken or production is to be made, if the attorney is authorized to practice in the court where the action is pending.

(b) Service.

(1) *By Whom; Tendering Fees; Serving a Copy of Certain Subpoenas.* Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies. If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served, a notice must be served on each party.

(2) *Service in the United States.* Subject to Rule 45(c)(3)(A)(ii), a subpoena may be served at any place:

(A) within the district of the issuing court;

(B) outside that district but within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection;

(C) within the state of the issuing court if a state statute or court rule allows service at that place of a subpoena issued by a state court of general jurisdiction sitting in the place specified for the deposition, hearing, trial, production, or inspection; or

(D) that the court authorizes on motion and for good cause, if a federal statute so provides.

(3) *Service in a Foreign Country.* 28 U.S.C. § 1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country.

(4) *Proof of Service.* Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server.

(c) Protecting a Person Subject to a Subpoena.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person--except that, subject to Rule 45(c)(3)(B)(iii), the

USCS Fed Rules Civ Proc R 45

person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information form sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt. The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT C



# Oklahoma Bar Association

Serving the legal profession and the public since 1904

Search

Go

**General Public**

**Bar Admission**

**Lawyer Resources**

**Ethics & Professionalism**

**CLE**

**Legal Research**

**News & Events**

**Find a Lawyer**

**my okbar**

**OBA-NET**

**Consumer Info**

Need tips for hiring an attorney? See Lawyers and Legal Fees

Can't afford an attorney? See Legal Assistance Options

In debt and creditors calling? See Is Bankruptcy the Answer?

Are you a community volunteer? Check out Oklahoma Volunteer Handbook

Have questions about senior citizens' legal rights? See Senior Citizen Handbook

Need a lawyer in Tulsa County? Here's another option. Go to Tulsa County Bar Referral Service

Search Results:                                                      New Search
1 Attorneys Found

---

**James Ted Priest**                    Phone: 405-340-1900
1503 E 19th St                          Fax: 405-340-1001
Edmond, OK 73013                        Email:
                                        jpriest@oklawpartners.com

---

Search Results:                                                      New Search
1 Attorneys Found

Copyright © 2002 Oklahoma Bar Association
P.O. Box 53036, 1901 N. Lincoln Blvd., Oklahoma City, OK 73152-3036
Phone (405) 416-7000; Fax (405) 416-7001

web@okbar.org
Disclaimer

# EXHIBIT D



| HOME | ATTORNEYS | CLIENTS | CONTACT US |

# James T. Priest



## ABOUT

Jim Priest is a husband, dad, attorney and ordained deacon in the Church of the Nazarene. He has practiced law in Oklahoma for thirty years and has been consistently recognized as one of the best lawyers in the nation.

In the three decades Jim has practiced law, he has tried numerous civil litigation trials in the state and federal courts and has argued many cases before the Tenth Circuit Court of Appeals.

From 1980 to 2005, Jim served as an attorney and director at one of Oklahoma's leading law firms, McKinney & Stringer. During his time there, Jim founded and led the employment services division of the firm, acting as an attorney as well as a supervisor. He also served on the Executive Committee and the Management Committee of the seventy lawyer firm.

From 2005 to 2010 Jim was an attorney and partner of the law firm Whitten Burrage (formerly Whitten, Nelson et al.)

In 2010 Jim ran for Oklahoma Attorney General and in February 2011 became the full time Executive

### ☎ CONTACT INFORMATION

Phone:405-340-1900 ext.114
Fax :405-340-1001

Email: JPriest@OKLAWPartners.com

vCard - Add To Your Addressbook

Legal Assistant: Georgia Lewis
Phone: 405-340-1900 ext. 128

### PUBLICATIONS

Author:
"Defending Police Misconduct Law Suits," For the Defense (1986);
"The Wake of Hinson v. Cameron: Choppy Waters for the Law of Wrongful Discharge," Oklahoma Bar Association (1988);
"Defending Police Misconduct Cases," American Jurisprudence Trials 2d (1988);
"McKennon v. Nashville Banner: Two Wrongs Still Make a Civil Right," Oklahoma Bar Association (1995).

### ADMISSIONS / MEMBERSHIPS

Admitted to the bar in 1980, Jim's bar admissions include all Oklahoma District and Appellate Courts, U.S. District Court for the Western District of Oklahoma, U.S. District Court for the Northern District of Oklahoma, U.S. District Court for the Eastern District of Oklahoma, U.S. Court of Appeals, Fifth and Tenth Circuits, and the U.S. Supreme Court. Listed in, The Best Lawyers in America. Member Oklahoma County and Oklahoma Bar Associations.
Jim also lectures at a variety of Continuing Legal Education seminars.

# EXHIBIT E

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN DOE and JANE DOE, Individually and as Next Friends of John Doe I, a Minor | § § § § § | |
| Plaintiffs, | § § § | |
| vs. | § § | Case No: 3:11-CV-00524-G |
| KANAKUK MINISTRIES, KANAKUK HERITAGE, INC., JOE T. WHITE, and PETER "PETE" D. NEWMAN, | § § § § § § | |
| Defendants. | § | |

| | |
|---|---|
| STATE OF OKLAHOMA | § § |
| COUNTY OF OKLAHOMA | § |

## AFFIDAVIT OF JAMES PRIEST

Before me, the undersigned notary, on this day personally appeared James Priest, the affiant, a person whose identity is known to me. After I administered an oath to affiant, affiant testified:

1. My name is James Priest. I am competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. I was served with the subpoena attached hereto on January 9, 2013. I was served at my office Edmond, Oklahoma. I am not a party to the litigation referenced in the subpoena. I am an attorney, licensed in Oklahoma. I have been practicing law since 1980.

3. In 2003, I was retained to consult with Kanakuk Ministries, Kanakuk Heritage Inc., and Joe T. White on an employee matter relating to Peter Newman. The entirety of the documents I have in my possession are documents created by me, reviewed by me or provided to me in conjunction with the 2003 representation of Kanakuk. After a complete review of my files, there are a total of 81pages in my possession dealing with this matter. Attached hereto as Exhibit A is a privilege log regarding my file.

4. In my opinion, the documents referred to above are all documents protected by the attorney/client privilege or the attorney work product privilege.

_____
JAMES PRIEST

SWORN TO and SUBSCRIBED before me by James Priest on the 15th day of

January, 2013.

GEORGIA LEWIS
Notary Public
State of Oklahoma
Commission # 11007366  Expires 08/12/15

_____
Notary Public in and for
The State of Oklahoma

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| JOHN DOE and JANE DOE, Individually and as Next Friends of John Doe I, a Minor<br><br>Plaintiffs,<br><br>VS.<br><br>KANAKUK MINISTRIES, KANAKUK HERITAGE, INC., JOE T. WHITE, and PETER "PETE" D. NEWMAN,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No: 3:11-CV-00524-G |

## WITHHOLDING STATEMENT AND PRIVILEGE LOG OF JAMES T. PRIEST

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, James T. Priest, and files this, his Withholding Statement and Privilege Log, and would respectfully show the Court as follows:

| DOCUMENTS | DESCRIPTION | PRIVLEGE(S) ASSERTED |
|---|---|---|
| PRIV 0001-0081 | Notes, documents, and information created or relied upon by Jim Priest regarding employment matter involving Peter Newman in 2003 | Attorney/Client and Work Product Privilege |