UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOE ALARCON and BRANDI ALARCON; and ASHTON ALARCON, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:11-cv-524 |
| | § | |
| KANAKUK MINISTRIES (a/k/a and/or d/b/a, KANAKUK KAMP, KANAKUK KAMPS, KANAKUK, KANAKUK-KANAKOMO KAMPS, CHRISTIAN CHILDREN'S CHARITY, KANAKUK ALUMNI FOUNDATION), KANAKUK HERITAGE, INC. (a/k/a and/or d/b/a KANAKUK MISSOURI, INC., KANAKUK KAMPS, INC., KANAKUK KAMPS, K-KAMPS, INC., KANAKUK-KANAKOMO KAMP, KANAKUK-KANAKOMO KAMPS, KANAKUK-KANAKOMO KAMPS, INC.), JOE T. WHITE, and PETER "PETE" D. NEWMAN, | § § § § § § § § § § § § § § § § § § | JURY TRIAL |

Defendants.

## **PLAINTIFFS' SECOND AMENDED COMPLAINT**

TO THE HONORABLE U.S. DISTRICT COURT:

Plaintiffs Joe Alarcon, Brandi Alarcon, and Ashton Alarcon, and file Plaintiffs'

Second Amended Complaint, and complain of Kanakuk Ministries (a/k/a and/or d/b/a,

PLAINTIFFS' SECOND AMENDED COMPLAINT - Page 1 of 20

Doe - Complaint 2nd Amd - djk04192013.wpd

EXH 1

Kanakuk Kamp, Kanakuk Kamps, Kanakuk, Kanakuk-Kanakomo Kamps, Christian Children's Charity, Kanakuk Alumni Foundation), Kanakuk Heritage, Inc. (a/k/a and/or d/b/a Kanakuk Missouri, Inc., Kanakuk Kamps, Inc., Kanakuk Kamps, K-Kamps, Inc., Kanakuk-Kanakomo Kamp, Kanakuk-Kanakomo Kamps, Kanakuk-Kanakomo Kamp, Inc.), Joe T. White, and Peter ("Pete")  D. Newman, Defendants, and would respectfully show the Court as follows:

## 1.  PARTIES

1.1.    Plaintiffs Joe Alarcon, Brandi Alarcon, and Ashton Alarcon, are citizens of Texas and domiciled in Randall County, Texas.

1.2.    Plaintiffs Joe Alarcon and Brandi Alarcon are the parents of Ashton Alarcon.

1.3.    Defendant Kanakuk Ministries (a/k/a and/or d/b/a Kanakuk Kamp, Kanakuk Kamps, Kanakuk, Kanakuk-Kanakomo Kamps, Christian Children's Charity, Kanakuk Alumni Foundation) is incorporated under the laws of the State of Missouri and has its principal place of business in Branson, Missouri.  At all times material to this case, Kanakuk Ministries has been doing business in Texas, including those acts defined under §17.042 of the Texas Civil Practice and Remedies Code. This Defendant was served and has appeared by filing a Rule 12(b)(3) motion.

1.4    Kanakuk Heritage, Inc. (a/k/a and/or d/b/a Kanakuk Missouri, Inc., Kanakuk Kamps, Inc., Kanakuk Kamps, K-Kamps, Inc., Kanakuk-Kanakomo Kamp,

PLAINTIFFS' SECOND AMENDED COMPLAINT - Page 2 of 20

Kanakuk-Kanakomo Kamps, Kanakuk-Kanakomo Kamp, Inc.) is incorporated under the laws of the State of Missouri and has its principal place of business in Branson, Missouri (registered agent, Joe T. White,1353 Lake Shore Drive, Branson, Missouri 65616). At all times material to this case, Kanakuk Heritage, Inc. has been doing business in Texas, including those acts defined under §17.042 of the Texas Civil Practice and Remedies Code. This Defendant was served and has appeared by filing a Rule 12(b)(3) motion.

1.5.   Defendant Joe T. White is an individual who is a citizen of the State of Missouri. This Defendant was served and has appeared by filing a Rule 12(b)(3) motion.

1.6.   Defendant  Peter ("Pete") D. Newman is an individual who is a citizen of the State of Missouri. This Defendant was served with process and has appeared.

## 2. JURISDICTION

2.1.   This Court's jurisdiction is based upon diversity of citizenship of the Plaintiffs and Defendants pursuant to 28 U.S.C. § 1332.

2.2.   The amount in controversy, exclusive of interest and costs, exceeds SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

**3. VENUE**

3.1.    Venue is proper pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to Plaintiffs' claims, as outlined in Sections 4 and 5, occurred within the Northern District of Texas.

3.2.    Defendant Joe T. White came to Irving, Texas for the purpose of conducting business of Kanakuk Kamp that he owned individually at the time.  As part of his business, he sought to solicit parents, and particularly fathers, to send their children to Kanakuk Kamp.  He did this in part by appearing, lecturing, and promoting Kanakuk Kamp at a Promise Keepers event at Texas Stadium in Irving, Texas. Plaintiff Joe Alarcon attended this event and heard Defendant Joe T. White's presentation advocating Christian values and the stated mission of Kanakuk Kamps to promote Christian values to minor children.  Joe Alarcon decided, based upon Defendant White's oral presentation and the printed promotional materials Defendant White distributed about Kanakuk Kamps at the Promise Keepers event in Irving, Texas, that his son Ashton Alarcon would attend Kanakuk camps when he was old enough to do so.

3.3.    Further, Defendants Joe T. White, Kanakuk Ministries, and/or Kanakuk Heritage, Inc., solicited Texas residents to permit their minor children to attend Kanakuk Kamps in Missouri.  These solicitations occurred by in-person appeals and informational sessions attended by employees, agents, and/or representatives of

PLAINTIFFS' SECOND AMENDED COMPLAINT - Page 4 of 20

Doe - Complaint 2nd Amd - djk04192013.wpd

Defendants Joe T. White, Kanakuk Ministries, and/or Kanakuk Heritage, Inc. Further solicitation of Texas campers, including Ashton Alarcon, occurred by U.S. Mail directed to Texas residents and by electronic format, including the internet, directed to Texas residents. The purpose of these activities was to have Texas parents, like Joe and Brandi Alarcon, pay to send their minor children to Defendants' residential camps in Missouri. Plaintiffs responded to these solicitations by entrusting Ashton Alarcon to the care of Defendants for summer residential camp in Missouri.

3.4. Defendants Joe T. White, Kanakuk Ministries, and/or Kanakuk Heritage, Inc. arranged to transport Texas children bound for Kanakuk Kamps, including Ashton Alarcon, by buses that departed from the Northpark Center parking lot in Dallas, Texas and traveled to Kanakuk camps in Missouri. As a result, Ashton Alarcon's camp experience began in Dallas, Texas, when he boarded a bus with other children and the Kanakuk staff for a day-long bus ride.

3.5 Defendants Kanakuk Ministries, Kanakuk Heritage, and Joe T . White structured Kanakuk Kamps so that Kamp staff, including Defendant Newman, would continue Kamp-sponsored and sanctioned communications with kampers after the kampers returned home from summer residential camp in Missouri. Defendant Newman through Kanakuk sponsored and encouraged communications developed a deeper and more trusting relationship with Ashton Alarcon by phoning him directly at his home in Texas, by emailing him at his home in Texas, by sending cards and

PLAINTIFFS' SECOND AMENDED COMPLAINT - Page 5 of 20

Doe - Complaint 2nd Amd - djk04192013.wpd

letters to Ashton Alarcon at his home in Texas.  That the Kamp director, Defendant Newman, not just a camp counselor, took an interest in Ashton Alarcon and sought him out at his home in Texas by phone, email, and cards and letters delivered to Ashton Alarcon by U.S. mail, was part of Defendant Newman's "grooming" process.  These actions were intended to and did make Ashton Alarcon believe that he had a special relationship with Defendant Newman and led Ashton Alarcon to more completely trust and believe Defendant Newman.  This "grooming" process went on for many months before actual sexual behavior commenced.

3.6    Defendant Newman followed a typical pattern in his abuse of minor boys. In the guise of preserving sexual innocence, Defendant Newman encouraged and promoted group male nudity and masturbation.  This was followed by one-on-one sexual acts involving Defendant Newman and individual boys, including Ashton Alarcon. Defendant Newman called Ashton Alarcon in Texas to discuss masturbation with him.  This was further "grooming" or preparation of Ashton Alarcon so he could be more easily sexually molested.

3.7    As a director of Kanakuk Kamps responsible for religious teaching, Defendant Newman called Ashton Alarcon at his home in Texas and spoke to his father, Joe Alarcon.  As a religious leader, Defendant Newman offered to discuss masturbation with Ashton Alarcon. Joe Alarcon, knowing only of Defendant White, Kanakuk Ministries, and Kanakuk Heritage's sponsorship and endorsement of

Defendant Newman, and knowing nothing of Defendant Newman's past inappropriate sexual behavior, which Defendants Kanakuk Ministries, Kanakuk Heritage and Joe White were aware of, permitted his son to discuss masturbation with Defendant Newman. Defendant Newman used this contact with Ashton Alarcon in Texas as a further opportunity to groom Ashton Alarcon psychologically and emotionally for sexual abuse by Defendant Newman.

3.8    But for the venue facts outlined in the paragraphs above, Ashton Alarcon would not have been molested.

## 4. STATEMENT OF THE FACTS

4.1.    Defendants Kanakuk Ministries and/or Kanakuk Heritage, Inc. operated residence camps for children known as Kanakuk Kamps. Ashton Alarcon attended the camps and resided on Kanakuk Kamp property, making him a "kamper" at these camps from ages 10 to 12 during the summers of 2005, 2006, and 2007.

4.2.    The Kanakuk Kamps were founded, owned, and operated by Joe T. White. Defendant Joe T. White is the President of Kanakuk Ministries and Kanakuk Heritage, Inc. Currently, and at the time Ashton Alarcon attended Kanakuk Kamps, Defendant White was the President of Kanakuk Kamps.

4.3.    As a function of his position with Kanakuk Ministries and/or Kanakuk Heritage, Inc., Defendant White oversaw and had ultimate authority for hiring and firing decisions at the Kanakuk Kamps. In these capacities, Defendant White chose

to employ and retain Defendant Pete Newman at Kanakuk Kamps.  At the time Ashton Alarcon attended the "kamps", Defendant Newman was a director of Kanakuk Kamps.  In this capacity, Defendant Newman had supervisory authority over "kampers" and staff.

4.4.    Kanakuk Kamps purported to offer a Christian faith-based outdoor experience for children.  "Kamp" activities were to include athletics and outdoor experiences as well as Christian guidance and ministry provided and facilitated by the employees, agents, and representatives of Kanakuk Ministries and/or Kanakuk Heritage, Inc.  As a director of Kanakuk Kamps, Defendant Newman's duties included encouraging and instructing "kampers" in Bible study and encouraging the children in his custody and control to develop a deeper Christian faith and relationship with God.

4.5.    In the course of his work as a director of Kanakuk Kamps, Defendant Newman came to know Ashton Alarcon.  As a director of Kanakuk Kamps, while on Kanakuk Kamps property, Defendant Newman sexually molested Ashton Alarcon, often in the guise of religious teaching or Bible study.  Defendant Newman's sexual molestation of Ashton Alarcon included Defendant Newman appearing nude with an erection in a hot tub for Bible studies with Ashton Alarcon, as Defendant Newman masturbated himself, Defendant Newman masturbated Ashton Alarcon, and Defendant Newman had Ashton Alarcon masturbate him.  Defendant Newman's sexual abuse

of Ashton Alarcon also included his pressuring Ashton Alarcon to play games like truth-or-dare, while naked, that involved the mutual touching of the genital and pubic areas.

4.6.   Defendant Newman's sexual abuse of Ashton Alarcon also included Ashton Alarcon spending the night alone with Defendant Newman in Newman's living quarters on the Kanakuk Kamp property.  While only Defendant Newman and Ashton Alarcon were present in Defendant Newman's living quarters, Defendant Newman sexually abused Ashton Alarcon in order to satisfy Defendant Newman's sexual desires.

4.7.   At other times Defendant Newman's inappropriate behavior and sexual abuse of Ashton Alarcon occurred in the presence of other Kanakuk Kamp personnel.

4.8.   Defendant Newman used his position at Kanakuk Kamps as a means to abuse children such as Ashton Alarcon by developing the children's trust and friendship. This, coupled with Defendant Newman's mantle of authority as a director of Kanakuk Kamps, allowed Defendant Newman to sexually abuse and molest multiple boys through masturbation, oral sex, and sodomy.

4.9.   Sadly, Defendants Joe T. White, Kanakuk Ministries, and/or Kanakuk Heritage, Inc. had every reason to know that Defendant Newman, a sexual predator, was operating freely in the Kanakuk Kamps and placing young boys at risk for sexual abuse and molestation and the lifelong burdens that childhood sexual abuse creates.

PLAINTIFFS' SECOND AMENDED COMPLAINT - Page 9 of 20

Doe - Complaint 2nd Amd - djk04192013.wpd

4.10.  At least as early as 1999, Defendant Joe T. White, Kanakuk Ministries and/or Kanakuk Heritage, Inc. knew that Defendant Newman, in the nude, was riding four-wheelers at the "kamp" with nude "kampers," who were minor children entrusted to the care of Defendants.  In response to this sexually inappropriate behavior, Defendant Newman was placed on probation.

4.11.  In or about 2003, Defendant Newman's sexually inappropriate behavior with the minor "kampers" again came to the attention of Defendant Joe T. White, Kanakuk Ministries and/or Kanakuk Heritage, Inc.  A nude Defendant Newman was streaking through the "kamp" property with nude minor "kampers".  Although this conduct came to the attention of Defendants Joe T. White, Kanakuk Ministries, and/or Kanakuk Heritage, Inc., again, Defendant Newman remained on staff in easy reach of his future victims, including Ashton Alarcon, whom was a minor child at the time.

4.12.  Defendant Newman's abuse of Ashton Alarcon occurred under the mantle and with the cloak of trust and authority placed upon him by Defendants Joe T. White, Kanakuk Ministries, and/or Kanakuk Heritage, Inc.  At all times material to this case, Defendant Newman acted in the course and scope of his employment with Defendants Joe T. White, Kanakuk Ministries, and/or Kanakuk Heritage, Inc.

4.13.  Defendant Newman was employed as a director with Defendants Joe T. White, Kanakuk Ministries, and/or Kanakuk Heritage, Inc. and was subject to Defendants' supervision and control when he sexually abused minor kampers,

including Ashton Alarcon, when he was a minor. Defendant Newman came to know minors, including Ashton Alarcon, and their families, and gained access to them because of his position at Kananuk Kamps. Defendant Newman engaged in this wrongful conduct while in the course and scope of his employment with Defendants Joe T. White, Kanakuk Ministries, and/or Kanakuk Heritage, Inc.; therefore, Defendants Joe T. White, Kanakuk Ministries, and/or Kanakuk Heritage, Inc. are liable for the wrongful conduct of Defendant Newman. Plaintiffs, therefore, plead vicarious liability, respondeat superior, agency, apparent agency, and agency by estoppel.

4.14. Defendants Joe T. White, Kanakuk Ministries, and/or Kanakuk Heritage, Inc. placed Defendant Newman in a position of trust around minor children. Defendants held Defendant Newman out as a safe, Christian director, counselor, and representative of Kanakuk Kamps. Defendants Newman was working in this capacity when he sexually abused and molested minor children, including Ashton Alarcon.

4.15. Defendants Joe T. White, Kanakuk Ministries, and/or Kanakuk Heritage, Inc. are also liable to Ashton Alarcon under a theory of ratification due to their knowledge of Defendant Newman's prior sexual misconduct and acts with minors and Defendants' failure to act upon their knowledge to protect minors, including Ashton Alarcon, from Defendant Newman. By taking no action, Defendants approved of Defendant Newman's conduct.

4.16.   As a result of Defendants' negligent acts and omissions, Ashton Alarcon suffered injuries that have required and will continue to require medical and psychological care.  The childhood sexual abuse of Ashton Alarcon in the context of what was purported to be Christian ministry further complicates his injuries and treatment.

## 5.  CAUSES OF ACTION

## Fraud, Misrepresentation, and Unfair and Deceptive Practices

5.1.   Plaintiffs incorporate by reference, as if set forth at length herein, all factual allegations set forth in the prior paragraphs of this Complaint.

5.2.   Defendants solicited and recruited minor "kampers" and their families and represented to them that Kanakuk Kamps was a safe and loving Christian place, and that the Kamps' staff, including Defendant Newman, would help minors further their Christian faith and relationship with God.

5.3.   These representations were material to Joe and Brandi Alarcon's decision to enroll Ashton Alarcon at Kanakuk Kamps, from 2005 through 2007, and to entrust to Kanakuk Kamps and its staff their minor child, Ashton Alarcon.

5.4.   Defendants Joe T. White, Kanakuk Ministries, and/or Kanakuk Heritage, Inc. knew that these representations were false before 2005.  They knew that Defendant Newman engaged in sexually inappropriate behavior with minor "kampers" and nevertheless promoted Kanakuk Kamps and its staff as safe, without disclosing

what they knew about Defendant Newman's inappropriate behavior with minor Kampers.

5.5.    Not knowing that these representations were false, and not knowing that Defendant Newman's conduct was contrary to these representations, Joe and Brandi Alarcon developed trust and confidence in Kanakuk Kamps and its staff and allowed Ashton Alarcon to attend and spend time alone with Defendant Newman.

5.6.    Defendants Joe T. White's, Kanakuk Ministries', and/or Kanakuk Heritage, Inc. breached their duty to disclose all material facts relating to Defendant Newman's past sexual misconduct with minor "kampers".    Plaintiffs relied on Defendants' representations that Kanakuk Kamps was a safe Christian place and on Defendants' non-disclosure of material facts relating to Defendant Newman's past in deciding to send Ashton Alarcon to Kanakuk Kamps.    Plaintiffs were injured and harmed by acting without knowledge that their representations were false and without knowledge of these undisclosed material facts.

5.8.    The actions and omissions of Defendants Joe T. White's, Kanakuk Ministries', and/or Kanakuk Heritage, Inc., as set forth in the prior paragraphs of this Complaint, which allowed the sexual abuse of Ashton Alarcon to occur, constitute fraud, deception, false promises, misrepresentation, concealment, and a breach of trust and contract, as these terms are defined and understood under the common law and statutes of Missouri and Texas as well as Chapter 407.020 of the Missouri

Merchandising Practices Act and Section 17.14 *et seq.* of the Texas Deceptive Trade Practices and Consumer Protection Act.

## **Negligence**

5.9.    Defendant Newman was employed by Defendants Joe T. White, Kanakuk Ministries, and/or Kanakuk Heritage, Inc. as a director, counselor, and representative of Kanakuk Kamps at the time of his sexual abuse and molestation of Joe Alarcon. Defendant Newman's sexual abuse and molestation of Ashton Alarcon was incident to his employment and is, therefore, imputed to Defendants Joe T. White, Kanakuk Ministries, and/or Kanakuk Heritage, Inc.

5.10.    Defendants Joe T. White, Kanakuk Ministries, and/or Kanakuk Heritage, Inc. were negligent in hiring, supervising, retaining, and/or continuing the employment of Defendant Newman when they knew, as early as 1999, that Defendant Newman was acting sexually inappropriate with minors.

5.11.    Defendants Joe T. White, Kanakuk Ministries, and/or Kanakuk Heritage, Inc. failed to warn Joe and Brandi Alarcon, and Ashton Alarcon, of Defendant Newman's inappropriate behavior with minors, including his being naked in their presence.

5.12.    Defendants Joe T. White, Kanakuk Ministries, and/or Kanakuk Heritage, Inc. failed to report, investigate, and/or otherwise take appropriate action, including contacting authorities and/or law enforcement personnel or agencies and removing

Defendant Newman from Kanakuk Kamps after learning, in as early as 1999, that Defendant Newman was acting inappropriately with minors.

5.13.    Defendants Joe T. White's, Kanakuk Ministries', and/or Kanakuk Heritage, Inc.'s failure to properly monitor and supervise Defendant Newman, and their failure to discontinue his employment, allowed Defendant Newman's inappropriate sexual behavior with minors to occur and continue for approximately ten years.

5.12.  Defendants' actions and omissions were a proximate cause of the sexual abuse of Ashton Alarcon and the resulting harm and damages to Plaintiffs.

## Negligent Infliction of Emotional Distress

5.13.  Plaintiffs allege that the actions and omissions of these Defendants have negligently inflicted emotional distress upon Ashton Alarcon.

5.14.  Defendants Joe T. White, Kanakuk Ministries, and/or Kanakuk Heritage, Inc. owed a duty to all "kampers" attending Kanakuk Kamps, including Ashton Alarcon, to protect them from harm, including sexual misconduct by their own staff.

5.15.  These Defendants were negligent in permitting Defendant Newman's sexual abuse of Ashton Alarcon.

5.16.  These Defendants should have realized that their conduct involved an unreasonable risk of causing Ashton Alarcon's sexual abuse and severe emotional and

mental distress or harm.

5.17.  As a result of Defendants' conduct, Ashton Alarcon has suffered, and will continue to suffer, severe emotional and mental distress or harm.

### Defendant Pete Newman

5.18.  Defendant Newman was as a director, counselor, and representative of Kanakuk Kamps when he engaged in inappropriate sexual behavior with minors, including Ashton Alarcon.

5.19.  Defendant Newman had duty to exercise ordinary care as a  director, counselor, and representative of Kanakuk Kamps. Defendant Newman breached this duty for the same reasons set forth in the prior paragraphs of this Complaint.  This includes Defendant Newman allowing himself to be alone and nude in the presence of minors and engaging in sexual abuse and molestation with minors through masturbation, oral sex, and sodomy.

5.20.  As a result of Defendant Newman's conduct, Ashton Alarcon has suffered, and will continue to suffer, severe emotional and mental distress or harm.

### 6. DAMAGES

6.1.  Plaintiff Ashton Alarcon has experienced severe injuries including psychological pain and suffering in the past and in all reasonable probability will sustain severe psychological pain and suffering in the future as a result of his injuries.

6.2.  Plaintiff Ashton Alarcon  has sustained mental anguish and emotional

distress in the past and in all reasonable probability will sustain mental anguish and emotional distress in the future.

6.3.    Plaintiff Ashton Alarcon sustained pain and suffering and/or bodily harm from the sexual abuses in question.

6.4.    Plaintiffs Joe and Brandi Alarcon have sustained medical expenses in the past and in all reasonable probability will sustain medical expenses in the future for the psychological and medical care and treatment of Ashton Alarcon until he reaches the age of eighteen.

6.5.    Plaintiff Ashton Alarcon, in reasonable medical probability, will sustain medical expenses in the future for psychological and medical care and treatment after he reaches the age of eighteen.

6.6.    Plaintiffs Joe and Brandi Alarcon have suffered pecuniary losses a result of Defendants' fraud, misrepresentation, concealment, breach of trust and contract, false promises, and use of unlawful and deceptive trade practices.

6.7.    As a result of the above, Plaintiffs seek damages in excess of the jurisdictional limits of the Court.

## 7. EXEMPLARY DAMAGES

7.1.    The injuries and damages sustained by Plaintiffs resulted from Defendants' fraud, malice, gross negligence, and/or reckless and outrageous conduct as those terms are defined and understood under the common law and statutes of

Missouri and Texas.  Plaintiffs seek punitive and exemplary damages to punish and deter the outrageous conduct taken in heedless and reckless disregard for the rights and safety of Plaintiffs and as a result of Defendants' conscious indifference to the rights, safety, and welfare of others, including Plaintiffs.  Plaintiffs seek recovery of punitive and exemplary damages in an amount sufficient to deter such unconscionable and irresponsible conduct in the future.

### 8.  ATTORNEY'S FEES

8.1.    Plaintiffs have been required to retain the undersigned attorneys to prosecute this civil action.  Pursuant to Chapter 407 of the Missouri Merchandising Practices Act as well as Section 17.14 *et seq.* of the Texas Deceptive Trade Practices and Consumer Protection Act, Plaintiffs seek an award for reasonable and necessary attorney's fees.

### 9.  JURY TRIAL

9.1.    Plaintiffs request a trial by jury.

### 10.  PRAYER FOR JUDGMENT

10.1.  WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray for judgment against Defendants for the following relief:

10.2.  Fair, just, and adequate compensation, well in excess of this Honorable Court's minimum jurisdictional requirement of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), for past and future general and special damages including

PLAINTIFFS' SECOND AMENDED COMPLAINT - Page 18 of 20

Doe - Complaint 2nd Amd - djk04192013.wpd

all actual damages;

10.3.  Recovery of pre-judgment and post-judgment interest;

10.4.  Reimbursement of taxable costs;

10.5.  Attorney's fees;

10.6.  Punitive or exemplary damages; and

10.7.  Such other and further relief, general and special, legal and equitable, to

which Plaintiffs may be justly entitled.

Respectfully submitted,

TURLEY LAW FIRM


  /s/ Linda Turley
Linda Turley
State Bar No. 20303800

Steven S. Schulte
State Bar No. 24051306
6440 North Central Expressway
1000 Turley Law Center
Dallas, Texas 75206
Telephone No. 214-691-4025
Telecopier No. 214-361-5802
lindat@wturley.com, davettes@wturley.com
stevens@wturley.com, LegalFiling@wturley.com

ATTORNEYS FOR PLAINTIFFS

PLAINTIFFS' SECOND AMENDED COMPLAINT - Page 19 of 20

Doe - Complaint 2nd Amd - djk04192013.wpd

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this instrument has been served upon all counsel listed below by the Court's CM/ECF filing system on this _____ day of April, 2013.

Ms. Deborah B. Junek
Mr. John Petereit
The Berry Firm, P.L.L.C.
1412 Main Street, Suite 2300
Dallas, TX 75202
Fax:  214-752-8250

__ Hand Delivery
__ Certified Mail, Return Receipt Requested:
__ Receipted Commercial Delivery
__ Regular U.S. Mail
__x__ **Email / ECF**
__ Facsimile

Peter Newman
DOC #1206755, Cell 5A-110
Jefferson City Correctional Ctr
8200 No More Victims Road
Jefferson City, MO 65101

__ Hand Delivery
__ Certified Mail, Return Receipt Requested:
__ Receipted Commercial Delivery
__x__ **Regular U.S. Mail**
__ Email
__ Facsimile

  /s/ Linda Turley
Linda Turley

PLAINTIFFS' SECOND AMENDED COMPLAINT - Page 20 of 20

Doe - Complaint 2nd Amd - djk04192013.wpd